PEOPLE v KENDALL

Docket No. 75524. Submitted November 6, 1984, at Grand Rapids.—
Decided May 7, 1985. Leave to appeal applied for.

On June 26, 1981, defendant, Roy C. Kendall, pled guilty in the
Kalamazoo Circuit Court to breaking and entering with intent
to commit larceny. The trial court, C. H. Mullen, J., sentenced
defendant to two years probation, with the first 30 days to be
served in county jail. On May 19, 1983, defendant was arrested
for driving a motorcycle while his license was revoked. On July
7, 1983, approximately three weeks before the end of defen-
dant's two-year period of probation, the trial court entered an
order extending defendant's probation for six months in order
to allow time for disposition of pending charges. On September
27, 1983, the trial court entered an order to show cause why
probation should not be revoked. Defendant pled not guilty and
filed a motion to dismiss. A hearing was held on October 17,
1983, and defendant argued that the court had abused its
discretion by extending defendant's probation for an additional
six months and, consequently, the court had lost jurisdiction
because revocation proceedings were not pending against defen-
dant at the end of the two-year period of probation. The court
denied defendant's motion to dismiss and accepted defendant's
plea of guilty to violating a term of probation by driving a
motorcycle while his license was revoked in violation of the
law. On December 15, 1983, defendant was sentenced to nine
months in jail, with credit for 71 days served. Defendant
appeals. *Held:*

1. The trial court did not abuse its discretion by amending
the probation order without first holding a hearing and giving
defendant an opportunity to oppose the amendment.

2. The trial court did not delegate its authority to administer
probation to the probation department.

3. Since the circuit court had the authority to place defen-
dant on probation for a period of up to five years, the court had

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 578, 579.
[2, 3, 4] 21 Am Jur 2d, Criminal Law § 567 *et seq.*

the authority to extend probation for an additional six months even though the original probation order had not been violated.

4. The trial court did not abuse its discretion by extending probation and the court had the jurisdiction to invoke revocation proceedings.

5. The length of the jail sentence imposed does not amount to an abuse of discretion or shock the conscience of the Court of Appeals.

Affirmed.

1. CRIMINAL LAW — PROBATION — AMENDMENT OF PROBATION ORDERS.

Orders of probation are at all times alterable and amendable, both in form and in substance, in the court's discretion; an order of probation may be amended on an ex parte basis without giving the defendant notice or an opportunity to be heard prior to the amendment (MCL 771.2[2]; MSA 28.1132[2]).

2. CRIMINAL LAW — PROBATION — ADMINISTRATION OF PROBATION.

A trial court is given an exceptional degree of flexibility in the administration of probation, since probation is a period of grace in order to aid rehabilitation.

3. CRIMINAL LAW — PROBATION — PROBATION DEPARTMENTS.

The probation department may act in an advisory capacity to a trial court; however, the court may not delegate its statutory authority to the probation department.

4. CRIMINAL LAW — PROBATION — EXTENSION OF PROBATION.

A trial court which is authorized by statute to place the defendant on probation for a period of up to five years and which places the defendant on probation for two years has the authority to extend the defendant's probation for an additional six months even though the original probation order has not been violated (MCL 771.2; MSA 28.1132).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Joseph S. Skocelas,* Assistant Prosecuting Attorney, for the people.

*Daudert, Basch & Bucklin, P.C.* (by *Martin C. Basch),* for defendant on appeal.

Before: R. B. Burns, P.J., and Allen and T. L. Brown,* JJ.

Per Curiam. Defendant appeals as of right from a trial court order revoking defendant's probation and sentencing him to serve nine months in jail.

On June 26, 1981, defendant pled guilty to breaking and entering with intent to commit larceny, MCL 750.110; MSA 28.305. Defendant had taken three bags of potato chips from a drive-in. Defendant was sentenced to two years probation, with the first 30 days to be served in county jail. On May 19, 1983, defendant was arrested for driving a motorcycle while his license was revoked. On July 7, 1983, approximately three weeks before the end of defendant's two-year period of probation, the trial court entered an order extending defendant's probation for six months "in order to allow time for disposition of pending charges".

On September 27, 1983, the court entered an order to show cause why probation should not be revoked. Defendant pled not guilty and filed a motion to dismiss. A hearing was held on October 17, 1983. Defendant argued that the court had abused its discretion by extending defendant's probation for an additional six months and, consequently, the court had lost jurisdiction because revocation proceedings were not pending against defendant at the end of the two-year period of probation. See *People v Wakefield,* 46 Mich App 97, 100; 207 NW2d 461 (1973). The court denied defendant's motion to dismiss and accepted defendant's plea of guilty to the violation of term 1 of the probation order by driving a motorcycle while his license was revoked in violation of the law. On December 15, 1983, defendant was sentenced to nine months in jail, with credit for 71 days served.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On appeal, defendant first argues that the circuit court abused its discretion by amending the probation order without first holding a hearing and giving defendant an opportunity to oppose the amendment. Orders of probation are "at all times alterable and amendable, both in form and in substance, in the court's discretion". MCL 771.2(2); MSA 28.1132(2). An order of probation may be amended on an ex parte basis. There is no requirement that defendant be given notice or an opportunity to be heard prior to the amendment. *People v Marks,* 340 Mich 495, 501; 65 NW2d 698 (1954); *People v Graber,* 128 Mich App 185, 190-191; 339 NW2d 866 (1983), *lv den* 419 Mich 880 (1984). Since there is no allegation that defendant did not receive notice of the amendment, we find no abuse of discretion.

Defendant also argues that the circuit court abused its discretion by delegating its authority to administer probation to the probation department. At the hearing held on defendant's motion to dismiss, defendant's probation agent testified that when she petitioned the court for an order amending probation to extend probation six more months she dropped the petition off at the judge's office. No hearing or discussion was had with the judge. After receiving the order signed by the judge, she filed the order with the clerk's office and a copy was sent to defendant. Defendant argues that the trial court improperly delegated its decision to the probation agent because the court did not hold a hearing or discuss the petition with the probation officer.

Since probation is a period of grace in order to aid rehabilitation, the court is given an exceptional degree of flexibility in the administration of probation. *People v Marks, supra,* p 500. However, a court may not delegate its statutory authority to

the probation department. In *People v Good,* 287 Mich 110; 282 NW 920 (1938), it was held that a provision in an order of probation which required the defendant to make restitution payable "as determined by the probation department" was invalid because the authority vested in the court could not be delegated. Here, however, the court did not delegate its duty. It entered an order granting the probation officer's petition to extend probation for an additional six months. The probation department may act in an advisory capacity to the court. *People v Good, supra,* p 117. Since the circuit court had the authority to place defendant on probation for a period of up to five years, MCL 771.2; MSA 28.1132, the court had the authority to extend probation for an additional six months even though the original probation order had not been violated. *People v Marks, supra,* p 501. Consequently, we find that the trial court did not abuse its discretion by extending probation and the court had the jurisdiction to invoke revocation proceedings. *People v Wakefield, supra.*

Defendant also argues that the jail sentence imposed by the trial court was excessively severe. After examining the record and the trial court's sentence explanation, we cannot say that the sentence imposed amounted to an abuse of discretion or shocks our consciences. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983).

Affirmed.