## PEOPLE v JACKSON

Docket No. 94717. Submitted October 8, 1987, at Detroit. Decided May 2, 1988.

John A. Jackson, a probationer, voluntarily entered a drug rehabilitation program which required him to live at the rehabilitation center during the program. The Kalamazoo Circuit Court entered an ex parte order making completion of the program a condition of his probation. Defendant left the program. The court, John F. Foley, J., found defendant guilty of a probation violation and sentenced him. Defendant appealed.

The Court of Appeals *held:*

An ex parte order amending probation which orders a conditionally free defendant to be confined is in violation of the due process clause of the Michigan Constitution.

Reversed.

Criminal Law — Probation.

An ex parte order amending probation which orders a conditionally free defendant to be confined is in violation of the due process clause of the Michigan Constitution (Const 1963, art 1, § 17).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James G. Gregart,* Prosecuting Attorney, and *James J. Lait,* Assistant Prosecuting Attorney, for the people.

*Milton J. Marovich, P.C.* (by *Milton J. Marovich*), for defendant.

Before: D. E. Holbrook, Jr., P.J., and Shepherd and D. L. Sullivan,* JJ.

References

Am Jur 2d, Criminal Law §§ 567 *et seq.*

See the Index to Annotations under Parole, Probation, and Pardon; Due Process.

* Circuit judge, sitting on the Court of Appeals by assignment.

Shepherd, J. The issue presented in this case is whether the trial court may properly turn a voluntary confinement in an alcohol rehabilitation program into a nonvoluntary confinement pursuant to an ex parte amendment of defendant's probation order. We conclude the trial court may not without proper due process safeguards and reverse. Const 1963, art 1, § 17.

On September 29, 1980, defendant pled guilty to unlawfully driving away a motor vehicle. On November 10, 1980, defendant was sentenced to three years probation with the first sixty days to be served in the Kalamazoo County Jail, payment of $500 in court costs, and restitution of $25; defendant was ordered to receive his G.E.D. within one year and enter an alcohol abuse program.

Defendant was charged with and pled guilty to a probation violation on December 20, 1984. Defendant pled guilty to having open intoxicants in his car. In exchange for defendant's plea, three other violation charges were dropped. Defendant was again placed on probation by the trial judge. As part of his probation, he was to attend Gateway Villa Rehabilitation Center. However, defendant was expelled from the center for smoking marijuana. On January 28, 1985, defendant was sentenced to two years probation with the first eight months in the county jail.

On March 4, 1986, defendant pled guilty to another probation violation. At this time, defendant was charged with assaulting his girlfriend. Upon accepting defendant's plea, the court ordered defendant to stay away from his girlfriend and allowed defendant to travel to New Mexico where he claimed to have employment waiting.

Several days later defendant phoned his probation officer and indicated that he wanted to enter the ADAPT Program in a rehabilitation center in

Grand Rapids. The program requires the applicant to stay at the center through completion of the program. The probation officer gave him permission to enter the program and sought an amendment to the probation order. According to defendant he was not told that confinement at the center and completion of the program would be made part of his probation. While at the center he received the amendment of the order of probation which made confinement and completion of the program part of his probation. At the bottom of the order amending probation is the following: "I have received a copy of this order of amendment. I understand and agree to comply with this order." This is followed by a place for defendant's signature. Defendant refused to sign the order and called his probation officer and indicated that he had entered the program voluntarily and the program was not a good one and that he wanted to leave. His probation officer told him that if he left the program he would be arrested. Defendant left the program and his probation officer had him arrested.

At his subsequent probation violation hearing defendant challenged the propriety of the ex parte order. Defendant's argument is based upon the Fourth Amendment to the United States Constitution and article 1, § 17 of the Michigan Constitution.

Defendant acknowledges the trial court's discretionary right to amend the order of probation:

> The order, whether it is filed or entered, shall be considered as part of the record in the cause and shall be at all times alterable and amendable, both in form and in substance, in the court's discretion. [MCL 771.2(2); MSA 28.1132(2).]

Although two previous cases have approved ex

parte amendments to probation orders, these cases are distinguishable. The trial court relied on *People v Kendall,* 142 Mich App 576; 370 NW2d 631 (1985), lv den 423 Mich 862 (1985). On appeal the prosecutor cites *People v Graber,* 128 Mich App 185; 339 NW2d 866 (1983), lv den 419 Mich 880 (1984). *Kendall* involved an ex parte extension of probation while defendant was free. *Graber* involved an ex parte amendment requiring defendant to avoid contact with his wife, whom he had previously assaulted. Neither case involved an ex parte order of confinement which is what we have in the instant case.

The instant case is distinguished by the fact that defendant's voluntary entrance into an alcohol abuse center has been turned into confinement at the center until the completion of the program on pain of arrest and further probation violation charges.

The case is analogous to those cases in which a defendant's probation has been revoked. Due process protections attach to such decisions. See *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973); *People v Hunter,* 106 Mich App 821; 308 NW2d 694 (1981). Without question defendant meets the threshold barrier in this case in that the ex parte order implicates his liberty interest. Under his previous probation defendant was free to walk the streets so long as he did not seek out his ex-girlfriend. Indeed, defendant was free to travel to New Mexico where presumably he had a job prospect. He was free to check into, and out of, the abuse center as any other citizen might.

Thus the ex parte decision resulted in a fundamental change to defendant's liberty interest. We hold that such a fundamental change in the nature of defendant's probation requires, at the least, certain procedural protections required by the due

process clause. See Const 1963, art 1, § 17. Cf. *Vitek v Jones,* 445 US 480; 100 S Ct 1254; 63 L Ed 2d 552 (1980) (involuntary transfer of a state prisoner to a mental hospital without procedural protections violates his liberty interest in violation of the Fourteenth Amendment Due Process Clause). Before such an order can be entered, due process requires the petition to amend probation to include notice of the reason for confinement and an impartial hearing on the merit of the petition. We note in this case that defendant selected the facility himself in order to overcome his alcohol abuse problem. He then determined it was not suitable and is now being sent to prison for having made this decision unilaterally. No judicial determination as to the appropriateness of the center or program for defendant was ever made.

Furthermore, on the order amending defendant's probation, which he received while at the center, is a blank place for defendant to sign and to indicate he agrees with the terms of the amendment. The form clearly implies that defendant has an option as to whether he will sign and consent to the amendment or not sign and not comply. We view it as fundamentally unfair for the probation officer on the one hand to tell defendant that if he leaves the center he will be arrested and on the other hand to send him a form which implies he has an option.

We therefore hold that an ex parte order amending probation which orders a conditionally free defendant to be confined is in violation of the due process clause of the Michigan Constitution. Minimal due process standards would require that defendant be given notice to appear at a hearing to determine whether the voluntary confinement should be made a mandatory condition of proba-

tion. An order entered after such a hearing would be valid and binding on defendant with or without his signature on a consent form.

We recognize that this defendant has been given numerous opportunities to rehabilitate himself— all without success. The trial court and the probation department made every effort to help this defendant and the attempt to help him by keeping him in the rehabilitation center was done in good faith. Unfortunately the attempt fell short of due process and we are therefore compelled to reverse the conviction for probation violation.

Reversed.