PEOPLE v RITTER

Docket No. 116685. Submitted June 5, 1990, at Lansing. Decided
January 8, 1991, at 9:30 A.M.

Joel J. Ritter pled guilty in the Midland Circuit Court of unlaw-
fully driving away an automobile. The court, David Scott
DeWitt, J., sentenced him to 180 days in jail, three years'
probation, and costs. On July 31, 1985, the defendant pled
guilty of violating an amended order of probation, and on
August 28, 1985, the court, Paul J. Clulo, J., ordered the
defendant to serve an additional 130 days in jail and extended
his probation until August 13, 1987. On January 30, 1987, a
petition and bench warrant for the defendant's arrest were
issued by Judge Clulo, alleging the violation of the terms of
probation by failing to report to a probation officer in Novem-
ber and December 1986 and by failing to pay the costs previ-
ously ordered. The defendant left the state in July 1987, and,
on November 13, 1987, he was convicted of grand larceny in
South Carolina. After serving a jail sentence in South Carolina,
the defendant returned to Michigan some time in 1988. On
October 26, 1988, an amended petition and bench warrant were
filed containing the same two counts as the January 30, 1987,
petition as well as two additional counts which charged that
the defendant was outside the state on November 13, 1987, and
that he was convicted of a felony in another state on that same
date. The defendant was arraigned on those four counts on
October 26, 1988, and, following a hearing on December 6,
1988, the court, Paul J. Clulo, J., found the defendant guilty of
all the counts of probation violation, revoked the defendant's
probation on January 6, 1989, and sentenced him to thirty to
sixty months' imprisonment for the underlying offense. The
defendant appealed, contending that the court lacked jurisdic-
tion to revoke his probation and impose sentence.

The Court of Appeals held:

REFERENCES

Am Jur 2d, Criminal Law §§ 567, 578, 579.

Power of court after, expiration of probation term, to revoke or
modify probation for violations committed during the probation
term. 13 ALR4th 1240.

The trial court properly revoked the defendant's probation because revocation proceedings were pending when the normal term of his probation would have expired and because the probation period was tolled when he absconded from probationary supervision. All conduct charged in the amended petition occurred during the probation period and was a proper basis for revocation.

1. A sentencing court retains jurisdiction to revoke a defendant's probation if probation revocation proceedings are commenced within the probation period and are pending when it expires. Here, the original petition and bench warrant against the defendant alleging violation of the terms of his probation were issued more than seven months before the defendant's probation expired.

2. A sentencing court is authorized by statute to revoke a defendant's probation where the decision to revoke is based on violations which occur during the probationary period. The trial court had jurisdiction to revoke the defendant's probation in October 1988.

3. There is no requirement that a defendant receive notice of revocation proceedings before a probation period expires in order for a court to retain jurisdiction. The only requirement is that the warrant be executed with reasonable diligence after issuance.

4. Since revocation proceedings were pending when the defendant's probation period expired, the petition properly could be amended to allege other violations of the probation order which occurred after the petition was filed.

5. A defendant's period of probation is tolled upon absconding from probationary supervision. The defendant's probation period was tolled from the issuance of the warrant on January 30, 1987, until he was arrested in October 1988. The violations charged in the amended petition occurred during the time in which his period of probation was tolled and were proper reasons for revocation of his probation. The amended petition was timely because it was filed during the term of the defendant's probation.

Affirmed.

MICHAEL J. KELLY, J., dissenting, stated that the amendment of the petition of January 30, 1987, was violative of due process for lack of notice and, as a consequence, the court had no jurisdiction over the defendant after the probationary period ended on August 13, 1987. The petition and warrant filed October 26, 1988, were too late.

1. CRIMINAL LAW — PROBATION — PROBATION REVOCATION — DUE
   PROCESS.
   Due process requires only that probation revocation proceedings
   be conducted in a fundamentally fair manner; a probationer is
   not entitled to the full range of due process rights associated
   with a criminal trial.

2. CRIMINAL LAW — PROBATION — PROBATION REVOCATION.
   A sentencing court retains jurisdiction to revoke a defendant's
   probation if probation revocation proceedings are commenced
   within the period of probation and are pending when it expires.

3. CRIMINAL LAW — PROBATION — PROBATION REVOCATION.
   The issuance of a petition to revoke probation and a warrant for
   the probationer's arrest is justified where, during the period of
   probation, the sentencing court finds that probable cause exists
   to believe that the probationer has violated probation (MCR
   6.445[A]).

4. CRIMINAL LAW — PROBATION — PROBATION REVOCATION.
   A period of probation is tolled when the probationer absconds
   from probationary supervision; therefore, violations of proba-
   tion which occur during the time in which the period of
   probation is tolled are proper reasons for revocation of proba-
   tion; a petition alleging violation of the terms of probation is
   timely where filed during the tolled term of probation.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *Norman W. Donker,*
Prosecuting Attorney, and *John K. Bunce,* Chief
Assistant Prosecuting Attorney, for the people.

*Jeanice Dagher-Margosian,* for the defendant.

Before: SAWYER, P.J., and MICHAEL J. KELLY and
MURPHY, JJ.

MURPHY, J. Defendant appeals as of right from
his conviction of probation violation, MCL 771.1 *et
seq.*; MSA 28.1131 *et seq.* As a result of this
conviction, the court revoked defendant's proba-
tion for his July 9, 1982, conviction, following a
guilty plea, of unlawfully driving away an automo-
bile, MCL 750.413; MSA 28.645, and sentenced

him to a prison term of thirty to sixty months, with credit for 267 days served. We affirm.

On August 17, 1982, defendant was sentenced to 180 days in jail, three years' probation, and costs after pleading guilty to the charge of unlawfully driving away an automobile. On July 31, 1985, defendant pled guilty of a violation of an amended order of probation and, on August 28, 1985, his probation was extended for an additional two years, until August 13, 1987. Defendant also served an additional 130 days in jail.

On January 30, 1987, a petition and bench warrant for defendant's arrest were issued by the sentencing court. The petition alleged that defendant had violated the terms of his probation by failing to report to his probation officer in November and December 1986 and by failing to pay the court costs, attorney fees, and restitution previously ordered.

Defendant left the State of Michigan in July 1987 before his term of probation expired on August 13, 1987. On November 13, 1987, defendant was convicted of grand larceny in Charleston County, South Carolina. Defendant served eighty days in jail as a result of that conviction and was sentenced to one year of probation. Defendant apparently returned to Michigan some time in 1988, after serving the jail sentence, but before his probation in South Carolina was terminated.

On October 26, 1988, an amended petition and bench warrant were filed. The amended petition alleged the two counts of probation violation contained in the original petition, as well as two additional counts which charged that defendant was outside the State of Michigan on November 13, 1987, and that he was convicted of a felony in another state on that same date. Defendant was arraigned before the sentencing court on the four

counts of probation violation on the same day the amended petition was filed.

After a hearing on December 6, 1988, the court found defendant guilty of all counts of probation violation. On January 6, 1989, the court revoked defendant's probation and sentenced him to prison for the underlying conviction.

On appeal, defendant contends that his sentence must be vacated because the sentencing court lacked jurisdiction to revoke his probation and, consequently, to impose sentence. According to defendant, when his probation term expired on August 13, 1987, the sentencing court lost its power to revoke his probation on the basis of the October 26, 1988, amended petition. We disagree.

MCL 771.4; MSA 28.1134 provides in pertinent part:

> It is the intent of the legislature that the granting of probation shall be a matter of grace conferring no vested right to its continuance. *If during the period of probation it appears to the sentencing court's satisfaction that the probationer is likely again to engage in an offensive or criminal course of conduct or that the public good requires revocation of probation, the court may revoke probation.* All probation orders shall be revocable in any manner which the court which imposed probation shall consider applicable either for a violation or attempted violation of a condition of probation or for any other type of antisocial conduct or action on the part of the probationer which shall satisfy the court that revocation is proper in the public interest. [Emphasis supplied.]

Revocation of probation is not a part of a criminal prosecution. It deprives the defendant of only conditional liberty which is properly dependent on observance of the terms of the probation order, rather than the absolute liberty to which every

citizen is entitled. The defendant is a probationer only because he has been convicted of a crime. He is not entitled to the full range of due process rights associated with a criminal trial. Due process requires only that the revocation proceedings be conducted in a fundamentally fair manner. *Gagnon v Scarpelli,* 411 US 778, 781, 789; 93 S Ct 1756; 36 L Ed 2d 656 (1973); *Morrissey v Brewer,* 408 US 471, 480; 92 S Ct 2593; 33 L Ed 2d 484 (1972); *People v Gladdis,* 77 Mich App 91, 96; 257 NW2d 749 (1977). The decision to revoke probation is a matter within the sentencing court's discretion. *People v Marks,* 340 Mich 495, 499-501; 65 NW2d 698 (1954).

The original petition and bench warrant against defendant alleging violation of the terms of his probation were issued by the sentencing court on January 30, 1987, more than seven months before defendant's probation expired. Michigan courts have traditionally held that the sentencing court retains jurisdiction to revoke a defendant's probation if probation revocation proceedings are commenced within the probation period and are pending when it expires. *People v Hodges,* 231 Mich 656; 204 NW 801 (1925); *People v Wakefield,* 46 Mich App 97; 207 NW2d 461 (1973).

Nevertheless, defendant urges us to construe MCL 771.4; MSA 28.1134 as limiting the time in which the sentencing court has power to revoke probation to the maximum five-year probation period authorized by MCL 771.2(1); MSA 28.1132(1). Defendant argues that because the statute does not expressly provide for tolling of the period of probation upon violation or for revocation after the probation period expires, all monitoring and management of a defendant is confined to the statutory five-year period. Accordingly, defendant concludes that the court had no power to

revoke his probation after the maximum five-year period expired on August 13, 1988. Again, we disagree.

If adopted, defendant's interpretation of the relevant statute can only result in the absurd consequence that any defendant who violates the terms of his probation may do so with impunity so long as he manages to evade apprehension until the maximum statutory period of probation expires. We cannot conceive that the Legislature intended such a result and will not construe MCL 771.4; MSA 28.1134 to require it. We must construe the statute sensibly in order to avoid absurd or unjust results. *People v Meadows,* 175 Mich App 355; 437 NW2d 405 (1989); *People v Otis Adams,* 34 Mich App 546, 555; 192 NW2d 19 (1971).[1]

Rather, we adopt a construction of the statute which best harmonizes the overall context of the probation statutes and the end sought to be achieved. *People v Gilbert,* 88 Mich App 764; 279 NW2d 546 (1979). A convicted defendant has no vested right in the continuance of his probation if he violates its conditions. MCL 771.4; MSA 28.1134; *Marks, supra,* 500. The probation statutes

---

[1] It is true that the defendant probably will be punished for serious criminal probation violations, regardless of the occurrence or the outcome of a probation revocation proceeding. However, the Legislature clearly intended to punish a defendant for violating his probation itself. The underlying reason for revoking probation is that the defendant has failed to fulfill his part of the bargain by complying with the probationary order. Nevertheless, he has received the benefit of not being in prison. If it were not for the fact that the defendant was on probation, he would not be in a position to commit any violations of his probation, whether technical in nature or more serious criminal offenses. It is absurd to contemplate that a defendant may escape the penalty for violating his probation merely because he commits it so late in the probationary period that proceedings to revoke probation cannot be completed. More importantly, in a case such as this, where the defendant wilfully removed himself from the court's probationary supervision and then committed other probation violations, allowing him to escape without penalty would be contrary to the purposes of imposing probation.

confer upon the sentencing court a broad range of discretionary power in handling all aspects of the probationary process. Defendant presents no persuasive reason for limiting the court's discretion in the area of probation revocation, nor do we discern such a reason. Therefore, we conclude that MCL 771.4; MSA 28.1134 must be construed to authorize the sentencing court to revoke a defendant's probation, limited only by the requirement that the decision to revoke be based on violations which occur during the probationary period.

Our conclusion is reinforced by MCR 6.445(A), which authorizes the sentencing court to issue a summons to appear or an arrest warrant upon "finding probable cause to believe that a probationer has violated a condition of probation." Thus, we may logically construe the statutory phrase "[i]f during the period of probation it appears to the sentencing court's satisfaction" to require only that during the probation period the court find that probable cause exists to believe that the defendant has violated his probation in order to justify issuance of a petition to revoke probation and a warrant for the defendant's arrest. As discussed above, a petition was filed against defendant on January 30, 1987, for violations of the probation order which occurred in November and December 1986. Therefore, we conclude that the trial court had jurisdiction to revoke defendant's probation in October 1988 despite the fact that his probation had expired on August 13, 1987.[2]

---

[2] Under the traditional rule set forth in *Hodges, supra,* both the probation violation and the filing of the petition must occur during the probation period. Because the present case meets the requirements of that rule, we need not discuss its validity, except to say that the potential for absurd results exists here as well. Conceivably, a defendant could commit a serious probation violation so near the end of his probation period that there would be no time to commence revocation proceedings before the period expired. Thus, the defendant

Furthermore, there is not, as defendant suggests, a requirement that the warrant be executed, in other words, that a defendant receive notice of the revocation proceedings, before the period of probation expires in order for the court to retain jurisdiction. This Court has required only that the warrant be executed with reasonable diligence after issuance. *People v Hanson,* 178 Mich App 507; 444 NW2d 175 (1989); *People v Diamond,* 59 Mich App 581, 585-587; 229 NW2d 857 (1975), aff'd after remand 70 Mich App 512; 245 NW2d 809 (1976). Obviously, the question of reasonableness depends on the circumstances of the case. In the present case, because defendant makes no claim that the authorities were not diligent in executing the warrant, we need not make a finding with regard to this issue.[3]

For the same reasons, we also reject defendant's

would escape without penalty. We suggest that a better rule might be to require that the petition to revoke be filed within a reasonable time after the violation is committed, even if the period of probation has expired. See *State v Berry,* 287 Md 491; 413 A2d 557 (1980).

[3] We are not persuaded that due process requires that the defendant be served with notice of the probation revocation proceedings within the period of probation. When, as in this case, the defendant absconds from probationary supervision, whether within or without the court's territorial jurisdiction, he cannot be served with notice of the probation revocation proceedings if he cannot be found. See Judge DOCTOROFF's dissent in *People v Hanson, supra,* 514-516. Due process requires only that the defendant receive notice reasonably calculated to apprise him of the charges and an opportunity for a hearing. In this case, defendant received both and was vigorously represented by defense counsel at the revocation hearing. We distinguish *People v Jackson,* 168 Mich App 280; 424 NW2d 38 (1988), followed by the dissent, because that case involved ex parte amendment of the actual terms of the defendant's probation order. Clearly, this Court concluded that actual notice within the period of probation was required in that case because the amendment was an order of confinement resulting in a fundamental change of the defendant's liberty interest and the nature of his probation. *Jackson, supra,* 282-283. In the present case, no such fundamental change is implicated. Defendant knew or should have known that he had violated the terms of his probation order when he failed to report and later left the state, and that these violations could result in the revocation of his probation and a prison term.

contention that the petition to revoke could not validly be amended after his period of probation had expired. The court clearly had jurisdiction over defendant because the revocation proceedings were pending when his period of probation expired. Therefore, the petition could properly be amended to allege other violations of the probation order which occurred after the petition was filed.

Next, we must address whether the probation violations charged in the amended petition occurred after defendant's term of probation expired. Defendant argues that because his probation expired on August 13, 1987, and there is no express statutory tolling provision for absconding probationers, the added counts of being outside the state on November 13, 1987, and of being convicted of a felony in another state on November 13, 1987, both allege conduct which occurred after his probation expired. We disagree.

Michigan courts have not addressed the issue of tolling the period of probation during a defendant's unauthorized absence from the court's supervision. Nevertheless, we note that, as a general rule, statutory limitation periods do not run in favor of a defendant during periods in which he is a "fugitive from justice." If done with the intent to avoid detection or prosecution, flight from the jurisdiction or concealment of oneself within the jurisdiction in order to evade arrest may operate to toll the period of limitation. 22 CJS, Criminal Law, § 203, pp 247-248. By the same token, it has been held that the running of a probationary period ceases when the defendant is deemed a fugitive and a warrant cannot be executed because the defendant has concealed himself, has fled the jurisdiction, or is serving a sentence imposed by another court. 24 CJS, Criminal Law, § 1557, p 150.

As defendant notes, the Michigan probation statutes, MCL 771.1 *et seq.*; MSA 28.1131 *et seq.*, contain no express provision for tolling the probation period when a defendant absconds from probation supervision. However, we note that, although 18 USC 3651 *et seq.*, the federal probation act, also contains no tolling provision, federal courts have held that a defendant's period of probation is tolled when he removes himself from probationary supervision through his own wrongful action or inaction. *United States v Fisher,* 895 F2d 208 (CA 5, 1990); *United States v Martin,* 786 F2d 974, 975 (CA 10, 1986); *United States v Workman,* 617 F2d 48, 51 (CA 4, 1980); *Nicholas v United States,* 527 F2d 1160, 1161 (CA 9, 1976); *United States v Gerson,* 302 F2d 430 (CA 6, 1962). In such a case, the period of probation ceases to run from the time a warrant is issued until the time the defendant is returned to the court's supervision. *Martin, supra.*

We also hold that a defendant's period of probation is tolled when he absconds from probationary supervision. To conclude otherwise would be contrary to the purpose of the probation statutes. An absconding defendant should not be allowed to benefit from his wrongful noncompliance with the terms of his probation order. In this case, defendant absconded from the supervision of the court by failing to report to his probation officer after October 1986. A petition and warrant for his arrest were issued on January 30, 1987. Defendant admitted that he left the state in July 1987 and returned to Michigan sometime in 1988 after serving a jail sentence in South Carolina. Defendant was apparently arrested and returned to the court's supervision sometime in October 1988. We conclude that defendant's period of probation was tolled from the issuance of the warrant on Janu-

ary 30, 1987, until he was arrested in October 1988. Consequently, the violations charged in the amended petition occurred during the time in which his period of probation was tolled and were, therefore, proper reasons for revocation of defendant's probation. Moreover, under this analysis, the amended petition was timely because it was filed during the term of defendant's probation. See *Fisher, supra,* 212, n 7.

Last, defendant argues that because MCL 771.3(1)(a); MSA 28.1133(1)(a) only prohibits violation of "any criminal law of this state," he could not properly be convicted of violating his probation on the basis of a felony conviction in South Carolina. Defendant has apparently ignored subsection (4) of the same statute, which authorizes the court to impose any other lawful conditions of probation it deems necessary or proper. Defendant's probation order expressly prohibited violation of "any criminal law of any state or of the United States." Therefore, this claim is without merit.

In summary, we conclude that the trial court properly revoked defendant's probation because revocation proceedings were pending when the normal term of defendant's probation would have expired and because defendant's period of probation was tolled when he absconded from probationary supervision. Therefore, all conduct charged in the amended petition occurred during the period of probation and was a proper basis for revocation.

Affirmed.

SAWYER, P.J., concurred.

MICHAEL J. KELLY, J. *(dissenting).* It appears that the question boils down to whether a proceeding for probation revocation can be considered "pending" where the defendant has not been

served or otherwise notified of the proceeding. The prosecutor argues that probation orders are at all times amendable under MCL 771.2(2); MSA 28.1132(2) on an ex parte basis with no requirement that defendant be given notice or opportunity to be heard regarding the amendment. *People v Kendall,* 142 Mich App 576, 579; 370 NW2d 631 (1985). Defendant says the proceedings, even ex parte proceedings, must be pending during the term of probation, otherwise the court loses jurisdiction. Here, defendant says, the operative amendment, which was filed October 26, 1988, and which was the basis for the second revocation of probation, was not valid because it was not issued within the term of probation which had ended August 13, 1987. I would agree with defendant's position.

There is some confusion about the petition on which the October 26, 1988, revocation was based, and this is because there were in fact two petitions. The first petition, prepared and dated January 30, 1987, specifies two violations: (1) failure to report, and (2) failure to pay costs, attorney fees, and restitution. The bench warrant based on the first petition was never served, and it is not clear from the record where this petition and bench warrant languished. It was not date-stamped as having been filed with the county clerk until October 26, 1988. But this is *not* the petition and bench warrant upon which the revocation is based. The *amended* petition and bench warrant prepared and issued October 26, 1988, was served on defendant, but of course it could not have been served before October 26, 1988. That amended petition and bench warrant specifies four violations, the operative one being leaving the State of Michigan, as predicated on the November 13, 1987, felony conviction in South Carolina. It is the act of

leaving the State of Michigan upon which any tolling analysis should depend. To hold that tolling is triggered by failure to report in November and December of 1986 would implicate due process considerations. Not reporting would extend probation ad infinitum. I do not see how such a holding could survive a challenge based on the Fourteenth Amendment to the United States Constitution and art 1, § 17 of the Michigan Constitution.

There is no dispute that defendant was never served with or arraigned on the bench warrant dated January 30, 1987. The majority decides that defendant absconded probation by failing to report and that therefore his probationary sentence was tolled simply by that fact, not by the typing and signing of the unserved bench warrant dated January 30, 1987. The creation of that warrant does not figure in either the lower court's or this Court's deliberation process. We note it, but nowhere depend on it. The critical document is the *amended* petition for revocation of probation and bench warrant (one document) issued and served October 26, 1988, and the arraignment on the same date.

I would follow *People v Jackson,* 168 Mich App 280; 424 NW2d 38 (1988), and find that the so-called "amendment" of the petition of January 30, 1987, was violative of due process for lack of notice and, as a consequence, that the court had no jurisdiction over defendant after the probationary period ended on August 13, 1987. The petition and warrant filed October 26, 1988, and served promptly thereafter was too late.

I would reverse.