PEOPLE v PETERS

Docket No. 126404. Submitted February 4, 1991, at Grand Rapids. Decided September 3, 1991, at 9:30 A.M.

Cedric D. Peters pleaded guilty in the Kalamazoo Circuit Court, Donald E. Goodwillie, J., of larceny from a person. The court sentenced the defendant to four years' probation, with the first year to be served in the county jail, and required as a condition of probation that he successfully complete the Kalamazoo Probation Enhancement Program within a six-month period. Six months and five days after entering the program, the defendant was discharged from the program for illegally using controlled substances. The court, after finding that the defendant violated a condition of probation, revoked his probation and sentenced him to five to ten years' imprisonment, rejecting the sentencing guidelines recommended minimum term of zero to twelve months. The defendant appealed.

The Court of Appeals *held:*

1. There is no ambiguity concerning the condition of probation that could lead to a conclusion that the defendant successfully completed the probation enhancement program by simply remaining in the program for more than six months. The order of probation clearly required the defendant to comply with the rules of the program, including the prohibition against illegal drug use.

2. The trial court, in requiring the defendant to comply with the rules of the probation enhancement program, did not improperly delegate its authority to impose conditions of probation. Instead, the court made a proper delegation of its function of supervision over the defendant's compliance with the terms of his probation.

3. Remand is required for resentencing in light of *People v Milbourn,* 435 Mich 630 (1990), which was decided while the appeal in this case was pending. Because *Milbourn* held that the second edition of the sentencing guidelines is the best

REFERENCES

Am Jur 2d, Criminal Law §§ 527, 570, 578.
See the Index to Annotations under Delegation of Powers; Parole, Probation, and Pardon; Sentence and Punishment.

"barometer" of the proportionality of any given sentence, the trial court at resentencing should use the sentencing guidelines as the starting point in determining its sentence.

Affirmed but remanded for resentencing.

1. Sentences — Probation — Conditions of Probation.

A court, in imposing a sentence of probation that requires a defendant to participate in a rehabilitation program and comply with the rules of that program, does not delegate its authority to impose conditions of probation by requiring such compliance; it merely delegates its function of supervision over the defendant's compliance with the terms of probation.

2. Sentences — Probation Violation — Sentencing Guidelines — Proportionality.

A court imposing a sentence following a revocation of probation should use the second edition of the sentencing guidelines, if applicable to the underlying offense, as the starting point in determining a proportionate sentence.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Michael H. Dzialowski,* Assistant Prosecuting Attorney, for the people.

*Bruce L. Hulse,* for the defendant.

Before: Michael J. Kelly, P.J., and Doctoroff and Neff, JJ.

Neff, J. Pursuant to a plea bargain, defendant pleaded guilty of larceny from a person, MCL 750.357; MSA 28.589. Defendant was sentenced to four years' probation,[1] with the first year to be served in the county jail.

One of the terms of probation was successful completion of a probation enhancement program (PEP). When defendant was discharged from the PEP for testing positive for drug use, he was cited for a probation violation. MCL 771.4; MSA

---

[1] Defendant's brief indicates that the probationary term was five years, but everything in the lower court file and the sentencing transcript refers to a four-year term for this offense.

28.1134. Defendant did not report to his probation officer as required, and a bench warrant was issued. Some months later, defendant was arrested on other charges, and the bench warrant was served.

A hearing was held on the probation violation charge, and the trial judge found that defendant had violated a condition of his probation by failing to successfully complete the PEP. Defendant was sentenced to a term of five to ten years' imprisonment, and he now appeals as of right, raising three claims of error.

We affirm the order revoking probation, but remand for resentencing.

I

Defendant was found to have violated term ten of his probation order, which reads:

> That defendant, if acceptable, shall be entered into the Kalamazoo Probation Enhancement Program for a period of time not to exceed six (6) months and be subject to the rules and conditions of same. Successful completion of the K-PEP Program is a condition of probation and failure to comply with any of the rules, leaving the program, or failure to complete the program will constitute a violation of probation.

The lower court file reflects that defendant was released from the county jail on November 10, 1988, and went directly to the PEP program. Defendant was apparently quite successful in the program, except for his drug use. In January, he was found to be in possession of a bag that contained the residue of a white powder, which later was proven to be cocaine. In February, March, April, and May, the results of urine tests indicated that

defendant was using cocaine.[2] Because of his continued drug use, defendant was discharged for failing to successfully complete the PEP on May 15, 1989, six months and five days after he entered the program. Although the decision to discharge him was made before May 15 on the basis of the April urinalysis, it is not clear from the record just when the decision was made. For purposes of this appeal we consider May 15 to be the operative date of discharge. It is clear that defendant was discharged for a rule infraction, the April cocaine use, that occurred *before* the six-month period of term ten expired, and that defendant used cocaine at various other times during the six months.

### A

Defendant claims that term ten is ambiguous and that he cannot be held to have violated it because he was not discharged from the PEP until six months and five days after he entered the program. We note that this issue was not considered by the lower court; therefore, we review it only for a determination of whether manifest injustice occurred. *People v Hamacher,* 432 Mich 157, 168; 438 NW2d 43 (1989); *People v Strunk,* 172 Mich App 208, 210; 431 NW2d 223 (1988).

Defendant's argument on appeal is that term ten of the probation order can be read to mean that successful completion of the PEP occurred because he remained in the program for a period of six months.

It is true that the probation order provides that defendant was to be in the PEP for not more than

---

[2] On April 21, 1989, after the March test results but before the April results, the probation order was amended to include provisions prohibiting defendant from possessing drugs and requiring him to participate in a substance abuse program and to submit to drug screening.

six months. However, it is also true that he was to be subject to the rules of the program, including successful completion, without regard to the six-month period. Even if we view this as an ambiguity, we find that only a stubbornly literal mind would fail to acknowledge that defendant violated the clear meaning and intent of term ten of the probation order.

B

The Code of Criminal Procedure provides for probation. MCL 771.1 *et seq.*; MSA 28.1131 *et seq.* Probation is a matter of grace, there is no vested right to its continuance, and it may be revoked. MCL 771.4; MSA 28.1134. The court may fix and determine the period and conditions of probation. MCL 771.2; MSA 28.1132. An ambiguous probation order is not to be construed against the probationer. *People v Sutton,* 322 Mich 104, 109-111; 33 NW2d 681 (1948). However, the probation order here is not ambiguous.

The order of probation clearly required defendant to successfully complete the PEP before he could move on to complete his term of probation. He did not successfully complete the program because he persisted in using illegal drugs. He was discharged from the program for a drug violation that occurred within the six-month period, and the discharge occurred well within the four-year term of probation. All these facts were elicited in testimony at the revocation hearing. On these facts, it is apparent that defendant violated term ten of the probation order within the six-month PEP period and within the four-year probation period.

Defendant argues further that he was a volunteer in the program because the six-month PEP period had elapsed by the time of the formal

discharge and that revocation was improper under *People v Jackson,* 168 Mich App 280; 424 NW2d 38 (1988). The *Jackson* case is distinguishable because the defendant in that case voluntarily entered a drug rehabilitation program, which he later left before completion. Unlike defendant in this case, Jackson was not required to participate in and complete the program as a term of his probation, and revocation of his probation on the basis of his failure to complete the program was improper.

The revocation of defendant's probation was not manifestly unjust.

## II

Defendant next argues that term ten of his probation order is an unauthorized delegation of the court's sentencing authority, rendering it void and therefore improper as a basis for revocation of his probation. This issue also is unpreserved because it was not raised below or considered by the trial court, and we review it solely for manifest injustice.

The crux of defendant's argument is that in providing that defendant "complete" the PEP and "comply with the rules" of the program, the trial court delegated its authority to set the terms and conditions of probation. We reject this argument out of hand because to adopt the argument of defendant would be to require trial courts to become involved in the management and supervision of a myriad of programs available to probationers, a result neither required nor contemplated by MCL 771.1 *et seq.*; MSA 28.1131 *et seq.*

## A

In exercising discretion in setting the terms and

conditions of probation, a sentencing judge must be guided by factors that are "lawfully and logically related" to the defendant's rehabilitation. *People v Gonyo,* 173 Mich App 716, 718; 434 NW2d 223 (1988); *People v Johnson,* 92 Mich App 766, 768; 285 NW2d 453 (1979). The broad language of the probation statute provides wide discretion to a trial judge in setting conditions of probation:

> The court may impose other lawful conditions of probation as the circumstances of the case may require or warrant, or as in its judgment may be proper. [MCL 771.3(4); MSA 28.1133(4).]

Such discretion is obviously necessary to allow trial judges to tailor sentences to the differing circumstances of those convicted of crimes and to meet the requirement of individualized sentencing. As noted by Chief Justice Hughes in *Burns v United States,* 287 US 216, 220; 53 S Ct 154; 77 L Ed 266 (1932), and quoted with approval in *People v Marks,* 340 Mich 495, 500; 65 NW2d 698 (1954):

> To accomplish the purpose of [probation], an exceptional degree of flexibility in administration is essential. It is necessary to individualize each case, to give that careful, humane and comprehensive consideration to the particular situation of each offender which would be possible only in the exercise of a broad discretion.

B

However, trial judges may not abuse their discretion by delegating the authority to impose conditions of probation to others. *People v Good,* 287

Mich 110, 117; 282 NW 920 (1938). It is not an improper delegation of authority to set conditions of probation that allow probation department employees to act in an advisory capacity to the court. *People v Kendall,* 142 Mich App 576, 580; 370 NW2d 631 (1985).

Neither is it an abuse of that discretion to accede to the rules and procedures of a rehabilitation program as formulated by the program's employees. Requiring defendant to be bound by the internal rules and procedures of the PEP was nothing more than requiring him to abide by the parameters of a program established to provide a structure within which his probation and rehabilitation could proceed to successful conclusion. While only the trial court can impose the conditions of probation, it can delegate the normal supervision of those conditions. *Rowland v State,* 548 So 2d 812 (Fla App, 1989); *Draper v State,* 403 So 2d 615 (Fla App, 1981).

There is an unmistakable distinction between a term of probation requiring a defendant to enter and complete a rehabilitation program and the rules imposed by the program. We specifically hold that ordering defendant to obey the rules and regulations of the PEP was not an improper delegation of authority by the trial judge. No manifest injustice occurred.

III

Defendant's final claim on appeal is for resentencing. We agree that he is entitled to relief.

After his probation was revoked, defendant was sentenced for the underlying conviction of larceny from a person. The guidelines governing that offense called for a minimum sentence of between

zero and twelve months. Defendant was sentenced to a term of five to ten years' imprisonment.

This appeal was pending when the Supreme Court decided *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). Therefore, the principle of proportionality announced in *Milbourn* applies to this case. See *id.* at 669-670. The Supreme Court in *Milbourn* placed great reliance on the sentencing guidelines and cautioned that deviations from the guidelines must be carefully scrutinized.

This Court has held that the sentencing guidelines are not applicable to probation violations. *People v Young,* 181 Mich App 728, 731; 450 NW2d 43 (1989); *People v Reeves,* 143 Mich App 105, 107; 371 NW2d 488 (1985). However, *Milbourn* holds that the second edition of the guidelines is the best "barometer" for use in measuring the proportionality of a given sentence.

Therefore, under existing precedent, factoring in the sentencing guidelines when sentencing for a probation violation is a difficult proposition, requiring a second analysis of the guidelines initially prepared for defendant's underlying offense.

We hold that under these circumstances the guidelines should be utilized only as a starting point from which to determine the continuum within which the sentence should fall. The trial court is at liberty to consider defendant's actions and the seriousness and severity of the facts and circumstances surrounding the probation violation in arriving at the proper sentence to be given. The reasons for the sentence imposed should be articulated on the record.

Because defendant's minimum sentence exceeded the guidelines recommended range by a factor of five, we remand this case for resentencing in accordance with the principle of proportionality. The parties should be permitted to brief and argue

their positions on the principle of proportionality at resentencing.

IV

The revocation of defendant's probation is affirmed. The case is remanded for resentencing. We do not retain jurisdiction.