**COURT OF APPEALS**

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JUSTIN MICHAEL WENTZEL,

        Defendant-Appellant.

UNPUBLISHED
May 26, 2015

No. 319878
Allegan Circuit Court
LC No. 11-017275-FH

Before: DONOFRIO, P.J., and O'CONNELL and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right from the trial court's order and judgment revoking his probation and sentencing him to prison. Following his probation revocation, the trial court sentenced defendant to concurrent terms of 23 months' to 5 years' imprisonment for his stalking of a minor conviction, MCL 750.411h(2)(b), and his accosting of a child for an immoral purpose conviction, MCL 750.145a. We affirm.

Defendant first argues that the trial court improperly scored offense variables (OVs) 10 and 13. Defendant preserved the scoring issue for OV 13, but he did not preserve the sentencing claim of error for OV 10. Generally,

> the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [*People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).]

But unpreserved sentencing errors are reviewed for plain error affecting a defendant's substantial rights. *People v Meshell*, 265 Mich App 616, 638; 696 NW2d 754 (2005).

OV 10 of the sentencing guidelines addresses exploitation of a vulnerable victim. MCL 777.40. Fifteen points is properly scored for OV 10 "when the defendant has engaged in predatory conduct to exploit a vulnerable victim." *People v Huston*, 489 Mich 451, 454; 802 NW2d 261 (2011). "'Predatory conduct' means conduct that occurred before the commission of the offense and that was directed at the victim for the primary purpose of victimization." *People*

*v Lockett*, 295 Mich App 165, 183; 814 NW2d 295 (2012), citing MCL 777.40(3)(a); *People v Cannon*, 481 Mich 152, 160-161; 749 NW2d 257 (2008).

Because defendant's stalking of a minor conviction has a higher classification (class E, see MCL 777.16t) than his accosting a minor for an immoral purpose conviction (class F, see MCL 777.16g), only the stalking of a minor conviction needs to be scored under the sentencing guidelines. See *People v Lopez*, 305 Mich App 686, 690-691; 854 NW2d 205 (2014). To establish stalking of a minor under MCL 750.411h(2), the prosecutor had to prove that the victim was younger than 18 years of age and that a person at least five years older than the victim undertook

> a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested. [MCL 750.411h(1)(d).]

Defendant's claim that no conduct qualified as preoffense, predatory conduct is without merit. The record established that defendant attempted to "groom" the victim, which constituted predatory conduct. "Grooming refers to less intrusive and less highly sexualized forms of sexual touching, done for the purpose of desensitizing the victim to future sexual contact" and can count as predatory conduct. *People v Steele*, 283 Mich App 472, 491-492; 769 NW2d 256 (2009). In this case, defendant engaged in the process of grooming by buying the victim gifts, specifically cellular telephones. Additionally, the victim testified that defendant would hug and kiss him on the cheek, and would ask the victim to text him when the victim's mother went to bed. The expert at trial testified that defendant's sharing secrets with the victim isolates the child and "driv[es] a wedge between the child and their other support systems." Defendant also engaged in grooming when he fondled the victim's buttocks during a wrestling incident that occurred at the victim's mother's apartment. The expert testified that defendant "may frame the sexual touch as a game" because he wants the sexual touch to make sense in the victim's mind. Furthermore, contrary to defendant's contention, the victim could be considered vulnerable because he was only 10 years old. See *People v Johnson*, 298 Mich App 128, 133-134; 826 NW2d 170 (2012) (stating that a victim's youth may make the person susceptible to temptation by an adult). In sum, the record shows that defendant engaged in predatory conduct before the commission of the sentencing offense. Accordingly, defendant has not established the presence of any plain error, and we will not disturb the trial court's scoring of 15 points for OV 10.

OV 13 of the sentencing guidelines addresses a continuing pattern of criminal behavior. MCL 777.43. Twenty-five points is properly scored for OV 13 if "the offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). "[A]ll crimes within a 5-year period . . . shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a); *People v Bemer*, 286 Mich App 26, 34; 777 NW2d 464 (2009). Defendant was convicted of two felonies at trial, and the court found that the felonies of second-degree criminal sexual conduct or kidnapping were supported by a preponderance of the evidence, such that a third felony existed to support a 25-point score for OV 13.

"The elements of [second-degree criminal sexual conduct] are: (1) the defendant engaged in sexual contact, (2) with a person under the age of 13 years." *People v Duenaz*, 306 Mich App 306, 85, 106; 854 NW2d 531 (2014), citing MCL 750.520c(1)(a). "The statutory definition of 'sexual contact,' pertinent here, includes 'the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose . . . ." *Duenaz*, 306 Mich App at 106-107, quoting MCL 750.520a(q). "Intimate parts includes the primary genital area, groin, inner thigh, buttock, or breast of a human being." MCL 750.520a(f).

The evidence established that the victim was under the age of 13 at the time defendant engaged in sexual contact with him by intentionally touching his buttocks during wrestling. Given defendant's age and the fact that he was unrelated to the victim and that he admitted he would obtain an erection during some contacts with the victim, defendant's conduct could reasonably be construed as being for a sexual purpose. Because defendant's two convictions, as well as the second-degree criminal sexual conduct charge, were supported by a preponderance of the evidence,[1] the trial court did not err in scoring OV 13 at 25 points. And because we have determined that a preponderance of the evidence establishes that three felonies were committed, we need not address whether the preponderance of the evidence supported a finding that defendant kidnapped the victim as well.

Last, defendant argues that the trial court erred by revoking his probation. We review a trial court's decision to revoke probation for an abuse of discretion. *People v Ritter*, 186 Mich App 701, 706; 464 NW2d 919 (1991). In reviewing a probation violation, the evidence is viewed in a light most favorable to the prosecution, and the evidence "must be sufficient to enable a rational trier of fact to find a probation violation by a preponderance of the evidence." *People v Breeding*, 284 Mich App 471, 487; 772 NW2d 810 (2009). Here, a condition of defendant's probation was to "[c]omplete sex offender treatment or other treatment as ordered by the agent." But defendant was discharged unsuccessfully from the sex offender treatment program because he failed to admit to his criminal sexual conduct and failed to take responsibility for his actions. Viewing this evidence in a light most favorable to the prosecution, the trial court was warranted in finding by a preponderance of the evidence that defendant violated the terms of his probation. Accordingly, the trial court did not abuse its discretion by

---

[1] Although defendant was acquitted of second-degree criminal sexual conduct, this does not preclude a sentencing court from considering the crime for sentencing purposes. Because of the differing standards of proof, "situations may arise wherein although the factfinder declined to find a fact proven beyond a reasonable doubt for purposes of conviction, the same fact may be found by a preponderance of the evidence for purposes of sentencing." *People v Ratkov (After Remand)*, 201 Mich App 123, 126; 505 NW2d 886 (1993).

revoking defendant's probation and resentencing him.  MCR 6.445(G).

Affirmed.

/s/ Pat M. Donofrio
/s/ Peter D. O'Connell
/s/ Amy Ronayne Krause