*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* T.S. HALLIBURTON, JR., Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

Petitioner-Appellee,

v

T.S. HALLIBURTON, JR.,

Respondent-Appellant.

FOR PUBLICATION
September 29, 2022
9:00 a.m.

No. 358077
Ingham Circuit Court
Family Division
LC No. 18-000848-DJ

---

Before: SWARTZLE, P.J., and RONAYNE KRAUSE and GARRETT, JJ.

SWARTZLE, P.J.

A juvenile does not satisfy the condition of "time served on probation" for purposes of jail credit during the period of time when that juvenile willfully absconded from probation. This is the rather common-sense position taken by the Attorney General's office, participating in this appeal as amicus curiae, but it is the position opposed by both parties. The Attorney General's office has the correct position, and we affirm in part and reverse in part.

## I. BACKGROUND

The juvenile respondent violently attacked an elderly woman in her home and stole her vehicle. Respondent pleaded guilty to second-degree home invasion, MCL 750.110a(3), and received a blended sentence. As part of the sentence, the trial court placed respondent on probation. Respondent repeatedly violated the terms and conditions of the probation, including absconding for five months.

The trial court subsequently revoked respondent's probation and ordered respondent to be incarcerated. With respect to credit for time served on probation, the trial court determined that respondent was entitled to such credit for only part of the probation period. Specifically, the trial court concluded that respondent was entitled to credit for the time respondent spent incarcerated in Ingham County Youth Center for probation violations because it viewed those periods of time as similar to prison. The trial court, however, did not grant credit for the remaining probation

period, which included when respondent was placed in Highfields Residential Treatment Center, when respondent was on a tether, and the five months respondent willfully absconded from probation. Accordingly, the trial court awarded respondent only 325 days of jail credit.

This Court granted respondent's application for leave to appeal. *In re Halliburton*, unpublished order of the Court of Appeals, entered October 8, 2021 (Docket No. 358077). Both before the trial court and now on appeal, the local prosecutor agrees with respondent and takes the position that respondent should receive credit for the entire length of the probation period. The Attorney General's office is participating on appeal as amicus curiae and opposes the parties' position.

## II. ANALYSIS

Respondent does not contest the probation violations or the overall length of incarceration. Rather, the issue on appeal is limited to how much jail credit, if any, respondent was entitled to receive when the trial court ordered that respondent be imprisoned for the remainder of the second-degree-home-invasion sentence. Given the local prosecutor's support for respondent's position, there was no cross-appeal of the trial court's decision to grant respondent credit for the time spent in Ingham County Youth Center for the probation violations, so that latter matter is not before this Court. Rather, we are are focused solely on whether respondent earned jail credit during three discrete periods: (1) when respondent was placed in Highfields; (2) when respondent was on a tether; and (3) when respondent willfully absconded from probation. To resolve these matters, we must interpret and apply various statutes and court rules.

We review de novo the interpretation and application of statutes and court rules. *People v Parker*, 319 Mich App 664, 669; 903 NW2d 405 (2017). When, as here, a trial court issues a blended sentence to a juvenile that includes a period of probation, and the trial court subsequently imposes incarceration, our Legislature requires that the juvenile "receive credit for the period of time served on probation." MCL 712A.18i(11); MCL 769.1b(7); see also MCR 3.956(A)(5), (B)(4) (using the virtually identical phrase, "receive credit for the time served on probation").

We begin our analysis with the abscosion period. Respondent and the local prosecutor read the phrases "period of time served on probation" (from the statutes) and "time served on probation" (from the court rules) as including any period of time during which a juvenile has willfully absconded in violation of the probation's terms and conditions. In their view, the juvenile is still "on" probation and remains sentenced to probation, even though the juvenile is willfully violating one of the most common and critical features of probation—i.e., *to stay put*. Thus, according to respondent and the prosecutor, a trial court must grant an absconding juvenile credit for all of the time that the juvenile was willfully absent from the required location of probation.

Their reading is untenable. First, nowhere does the statute expressly provide that a juvenile must be credited for the time during which that juvenile willfully absconded from probation. Second, this Court has already held that, in the analogous adult-criminal context, "a defendant's period of probation is tolled when he absconds from probationary supervision." *People v Ritter*, 186 Mich App 701, 711; 464 NW2d 919 (1991). Under *Ritter*, a probationer is not serving the required time on probation during the period of absconsion, but rather, the probation period is tolled while the probationer is willfully violating the terms and conditions of that probation.

-2-

Although the statutes in the current appeal do not include an express tolling provision when a juvenile willfully absconds from probation, neither did the statutes cited in *Ritter* or the plethora of federal decisions discussed in *Ritter*. *Id.* (citing MCL 771.1 *et seq.* and 18 USC 3651 *et seq.*). The reasoning of *Ritter* on this question is equally applicable to the juvenile context.

Third and most importantly, a plain reading of the statutes and court rules supports a conclusion directly contrary to the one offered by respondent and the prosecutor. The phrase "time served" is not defined in the statutes or court rules. Generally speaking, in the context of a defined period of time, time "served" means the time during which a person "go[es] through (a term of service, imprisonment, etc.)." *Random House Webster's Unabridged Dictionary* (2d ed) (1998); see also *Black's Law Dictionary* (11th ed) (2019) (defining "time served," in relevant part, as "[t]he presentence time that a defendant spent incarcerated, usu. credited toward the sentence imposed"); *The American Heritage Dictionary of the English Language* (5th ed) (2018) (defining "serve," in relevant part, as "[t]o work through or complete (a period of service): *served four terms in Congress*," "[t]o be in prison for (a period of service): *served 10 years for armed robbery*"). To serve a particular period of probation, a juvenile must not just be on probation, but must also go through, work through, i.e., complete, that particular period of probation. The juvenile cannot go through, work through, or complete something that the juvenile has voluntarily rejected by leaving. In the same vein, an adult criminal does not serve a sentence of imprisonment by escaping prison.

Statutory context likewise points to the better reading. In MCL 712A.18i and MCL 769.1b, our Legislature chose to use different terms in different contexts with respect to "probation." When referring to the entirety of the period for which a juvenile is required to serve probation, our Legislature used the phrase "probation period." See MCL 712A.18i(7). Similarly, when referring generally to the trial court's order imposing probation, our Legislature used the phrase "placed on probation." See MCL 712A.18i(9),(10); MCL 769.1b(1). But, when providing for jail credit, our Legislature used a different phrase—"period of time served on probation." MCL 712A.18i(11); MCL 769.1b(7). Had our Legislature intended to provide jail credit in the same way understood by the parties, it presumably would have used the same phrase in subsection (11) as it used just a few lines earlier in subsection (7) of MCL 712A.18i. But, our Legislature chose two different phrases—"probation period" in subsection (7) and "period of time served on probation" in subsection (11)—and we must give different meanings to different words and phrases used in the same statute. *US Fidelity & Guaranty Co v Mich Catastrophic Claims Ass'n (On Rehearing)*, 484 Mich 1, 14; 795 NW2d 101 (2009).

Finally, while we leave policy considerations to our Legislature as the policy-making branch of our government, we cannot ignore the perverse incentive that the parties' contrary reading would create. Under their reading, for example, a juvenile who was ordered to serve 180 days of probation could, on Day 1 of the probation period, willfully abscond from the area, enjoy the relative freedom of being away from the watchful eyes of a probation officer, return on Day 180 and be ordered to serve jail time for violating probation, but at the same time receive 180 days of jail credit, purportedly for "time served" on probation. On its face, this is absurd, as the *Ritter* Court similarly observed in the adult-criminal context: "If adopted, defendant's interpretation of the relevant statute can only result in the absurd consequence that any defendant who violates the terms of his probation may do so with impunity so long as he manages to evade apprehension until the maximum statutory period of probation expires." *Ritter*, 186 Mich App at 707.

To be clear, we do not hold that any violation of a probationary term or condition, no matter how minor or technical, necessarily means that a juvenile forfeits jail credit. But, when a juvenile willfully absconds from probation, the probation period is effectively tolled, and during that time of willful absconsion, the juvenile is not serving the probation and has earned no credit for "time served" under the applicable statutes and court rules. Thus, the trial court correctly concluded that respondent was not entitled to credit for the time of willful absconsion.

With respect to the other two time periods, however, the trial court erred. Specifically, with respect to the time respondent spent on probation at Highfields and on a tether, the trial court declined to grant respondent any credit for "time served," reasoning that respondent was only entitled to credit when the probation limited respondent's freedom in a way similar to incarceration. But that conclusion conflicts with the statutes and court rules, which do not qualify jail credit on the degree of freedom restricted, but simply require such credit for "time served on probation." MCL 712A.18i(11); MCL 769.1b(7); MCR 3.956(A)(5),(B)(4). In fact, not every sentence of probation must limit a person's freedom similar to incarceration. See, e.g., MCL 771.3. When respondent was at Highfields and on a tether, respondent was successfully going through and completing those specific periods of probation, meaning respondent was serving time on probation. Thus, both periods of time qualify as "time served on probation," and the trial court erred when it held otherwise.

## III. CONCLUSION

"[T]ime served on probation" means actually serving the sentence of probation, including complying with the requirements of where that probation must be served. While a juvenile might violate a minor or technical term or condition of probation and still successfully earn jail credit, a juvenile cannot willfully abscond from probation and yet still be considered as having "served time on probation" for purposes of such credit.

Accordingly, for the reasons set forth in this opinion, we affirm the trial court's sentence to the extent that respondent received no jail credit for the period of time that respondent absconded from probation, but we reverse the sentence to the extent that respondent received no credit for the time served at Highfields or on a tether. We vacate respondent's sentence and remand for the limited purpose of recalculating respondent's jail credit consistent with this opinion.

We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Amy Ronayne Krause
/s/ Kristina Robinson Garrett

-4-