PEOPLE v MEADOWS

Docket No. 103160. Submitted January 10, 1989, at Detroit. Decided February 23, 1989.

Richard Meadows was convicted of aiding and abetting a bank robbery, Recorder's Court of Detroit, Maureen Pulte Reilly, J. Defendant appealed, alleging that Michigan law requires the complaining witness to testify at a preliminary examination and that the failure of the complainant to testify at the preliminary examination in this case compelled dismissal of all charges against defendant.

The Court of Appeals *held:*

1. Michigan law does not require the testimony of the complainant at the preliminary hearing if sufficient other evidence is produced. .

2. Even if the evidence produced at the preliminary hearing was insufficient, the error in binding defendant over is harmless, since there was sufficient evidence to convict produced at trial.

3. The court did not abuse its discretion in allowing a writing sample of a witness to be taken during trial and compared by the jury to a note used during the robbery.

4. The trial court properly admitted evidence of statements made by defendant to a witness as admissions of a party opponent.

5. Defense counsel's actions in failing to move for a dismissal at the preliminary hearing and to object to the admission of defendant's statements to a witness were not deficient in light of the Court's resolution of the underlying issues.

Affirmed.

1. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — WITNESSES — COMPLAINING WITNESSES.

Michigan law requires the examination at the preliminary exami-

REFERENCES

Am Jur 2d, Criminal Law §§ 418, 419; Evidence §§ 260, 611-614.

Propriety of consideration of credibility of witness in determining probable cause at state preliminary hearing. 84 ALR3d 811.

Admissibility of party's own statement under Rule 801(d)(2)(A) of the Federal Rules of Evidence. 48 ALR Fed 922.

nation of those witnesses offered in support of the prosecution; the testimony of the complainant is not necessarily required at every preliminary examination if sufficient other evidence is produced (MCL 766.4; MSA 28.922).

2. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — SUFFICIENCY OF EVIDENCE — HARMLESS ERROR.

Errors in the sufficiency of proofs at the preliminary examination must be considered harmless where sufficient evidence to convict the defendant of the charges is produced at trial.

3. EVIDENCE — UNFAIR PREJUDICE.

Relevant evidence may be excluded if it is unfairly prejudicial; unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one (MRE 403).

4. CRIMINAL LAW — EVIDENCE — ADMISSIONS — RULES OF EVIDENCE.

Statements made by a criminal defendant to a witness may be admissible under the Rules of Evidence as admissions by a party opponent (MRE 801[d][2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Proscuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, and *Thomas M. Chambers,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant on appeal.

Before: MAHER, P.J., and CYNAR and GRIFFIN, JJ.

GRIFFIN, J. Defendant appeals as of right from a jury verdict conviction of aiding and abetting a bank robbery, contrary to MCL 750.531; MSA 28.799. We affirm.

I

Defendant's conviction stems from a bank robbery of the NBD bank in Detroit on August 21, 1986. At the preliminary examination, the only

testimony taken was from coparticipant Leon Wilson. On appeal, it is not disputed that sufficient evidence was produced through Wilson's testimony to show that the crime had been committed and that there was probable cause to believe it was committed by the defendant. Defendant, however, asserts that Michigan law requires the testimony of the complaining witness at every preliminary examination, and further, that the failure of the complainant (victim) to testify at the preliminary examination compels dismissal of all charges. We disagree as to both propositions.

II

MCL 766.4; MSA 28.922 states the following:

> The magistrate before whom any person is brought on a charge of having committed a felony shall set a day for a preliminary examination not exceeding 12 days thereafter, at which time a magistrate shall examine the complainant and the witnesses *in support of the prosecution,* on oath in the presence of the accused, in regard to the offense charged and in regard to any other matters connected with the charge which the magistrate considers pertinent. [Emphasis added.]

In *People v Curtis,* 95 Mich 212, 215; 54 NW 767 (1893), the Supreme Court construed a predecessor statute containing nearly identical language as not requiring the testimony of the complainant at every preliminary examination:

> We think this statute is directory as to the quantity of testimony to be taken. If it be given too literal a construction, then, in any case where there are no witnesses other than the complainant, the respondent cannot be held; so, if the complainant should die after the complaint, the

> proceedings must abate. *What is intended by the language quoted is that the justice shall receive such testimony from the complainant and his witnesses as may be offered, and act upon it.* [Emphasis added.]

The later decision *People v Matthews,* 289 Mich 440; 286 NW 675 (1939), lends further support to the position that this statute does not require the testimony of the complainant in every case, if other competent evidence is produced.

Common sense should be employed when construing a statute. It should be presumed that absurd results were not intended by the Legislature. As stated by this Court in *People v Otis Adams,* 34 Mich App 546, 555; 192 NW2d 19 (1971):

> The sense of any statute is to be collected from its object and the nature of the subject matter. Particular phrases must be read in the light of the contextual setting. The import of such language is controlled accordingly. . . .
>
> All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence.

If the construction advanced by the defendant were adopted by this Court, a statutory violation would be found if the complainant died before the preliminary examination or was otherwise unavailable to testify. Such unjust and absurd consequences were not intented by the Legislature. Additionally, there are many instances in which the complainant knows little or nothing about the crime and situations, such as the present, in which the complainant's testimony would be merely cumulative.

Accordingly, we hold that MCL 766.4; MSA

28.922 requires the examination at the preliminary examination of those witnesses offered in support of the prosecution. The testimony of the complainant is not necessarily required at every preliminary examination if sufficient other evidence is produced.

### III

We also disagree with defendant's assertion that dismissal of all charges is a necessary consequence if the statute were violated. We agree with *People v Johnson,* 427 Mich 98, 116; 398 NW2d 219 (1986) (opinion by BOYLE, J.), reh den 428 Mich 1206 (1987), that errors in the sufficiency of proofs at the preliminary examination must be considered harmless if sufficient evidence is presented at trial to convict the defendant of the charges. In the instant case, since sufficient evidence was presented at trial to convict, the alleged error of failing to call the complainant at the preliminary examination was harmless. See, generally, MCL 796.26; MSA 28.1096[1] and MCR 2.613(A).[2]

### IV

Defendant Meadows next asserts that the trial

[1] No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice. MCL 796.26; MSA 28.1096.

[2] Harmless Error. An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not grounds for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice. MCR 2.613(A).

judge abused her discretion by allowing a writing sample to be taken from witness Leon Wilson at trial. We disagree.

MRE 401 defines "relevant evidence":

"Relevant evidence" means evidence having *any* tendency to make the existence of *any fact that is of consequence* to the determination of the action *more probable or less probable* than it would be without the evidence. [Emphasis added.]

Although relevant, evidence may be excluded by the trial judge if in his or her opinion its probative value is *substantially* outweighed by the danger of unfair prejudice or other factors:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. [MRE 403.]

In the present case, it was the theory of the defense that the bank robbery note was written not by the defendant but by coparticipant Leon Wilson. In an effort to refute this defense, the prosecution requested Leon Wilson to write on a piece of paper the words which were written on the holdup note. The jury was then allowed to compare Mr. Wilson's in-court writing with the holdup note. This writing comparison procedure was objected to by the defense.

The in-court writing sample prepared by witness Wilson was certainly relevant under MRE 401 since it had a tendency to make more or less probable his alleged authorship of the holdup note. The issue, however, is whether the lay writing comparison should have been excluded by the trial

judge pursuant to MRE 403 on the grounds that its probative value was substantially outweighed by the danger of unfair prejudice.

Evidence which is prejudicial to a defendant is not necessarily "unfairly" prejudicial. See, generally, *People v Harvey,* 167 Mich App 734, 745-746; 423 NW2d 335 (1988). As the advisory committee note states following the identical Federal Evidence Rule (FRE 403):

> "Unfair prejudice" within this context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.

In the present case, the argument is made that the lay writing comparison is so unreliable as to create "unfair prejudice." Defendant, however, has failed to support this assertion with any expert evidence either at trial or on appeal. Accordingly, we are inclined to view such arguments as having greater impact on the weight of the evidence than on its sufficiency.

The decision of a trial judge to admit or exclude evidence under MRE 401 or MRE 403 will not be overturned on appeal absent an abuse of discretion. We hold that, absent expert evidence to the contrary, the trial judge did not abuse her discretion in allowing the lay writing comparison.

V

The third issue raised on appeal is whether the trial judge erred in allowing Leon Wilson to testify in regard to statements made by the defendant. Defendant's hearsay argument is without merit as such statements made by defendant Meadows are admissions of a party opponent and are therefore

admissible pursuant to MRE 801(d)(2). In addition, we note that the defendant failed to object to the admission of these statements at trial and therefore appellate review is precluded absent manifest injustice. *People v Watts,* 145 Mich App 760, 764; 378 NW2d 787 (1985), lv den 424 Mich 889 (1986).

VI

Finally, defendant asserts that he was denied effective assistance of counsel as guaranteed by the Michigan Constitution and the Sixth and Fourteenth Amendments to the United States Constitution. Defendant cites the failure of his trial counsel to move for a dismissal at the preliminary examination when no complainant was produced, and lack of objection to the admission of Wilson's testimony concerning defendant's statements. In light of our resolution of these two issues, defense counsel's actions were not deficient. Counsel is not obligated to make futile objections.

Affirmed