# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

PAUL THOMAS MAKOSKY, JR.,

      Defendant-Appellant.

UNPUBLISHED
November 3, 2015

No. 322801
Delta Circuit Court
LC No. 13-008858-FH

Before: MARKEY, P.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his conviction following a jury trial of failing to report a temporary residence change between June 3, 2013 and June 12, 2013, as required by MCL 28.725(1)(e) and punishable pursuant to MCL 28.729, provisions of the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*. Defendant was sentenced to ten months in jail with credit for 180 days served. For the reasons set forth below, we affirm.

## I. BACKGROUND

As of April 2013, defendant, a sex offender required to report temporary address changes under SORA, MCL 28.725(1)(e), resided at and reported his residence as 1431 Sheridan Road in Escanaba, Michigan. That was the address for the Harborlite Bar and Hotel, which was owned and operated by Rhodney Savard. According to Savard, he rented a "sleeping room" to defendant but in late April 2013, defendant "quit coming" to his room. Although rent was paid for April and May, no one saw defendant at Harborlite after April 2013, and no rent was paid after May 2013. Indeed, according to Savard, all of the "junk" that was left in the room remained untouched after that time until, at least, the morning of trial, except for spoiled food that Savard threw away. There was also uncollected mail. Ron Welch, who lived "right across the hall" from defendant, testified that he had not seen or heard from defendant since April 2013 despite the fact that defendant was his brother's stepson, he and defendant used to regularly have coffee together, and he and defendant shared a common bathroom at Harborlite.

On August 6, 2013, defendant was arrested in Marquette, Michigan, and repeatedly informed law enforcement that his address was 619 E-35 in Gwinn, Michigan.

## II. ADMISSIBILITY OF EVIDENCE

-1-

Defendant first argues that the trial court erred in admitting evidence relating to his August 2013 arrest despite an objection based on MRE 403. A trial court's decision whether to admit evidence is reviewed for an abuse of discretion. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). We find no such abuse.

Relevant evidence, "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence," is admissible unless the United States Constitution, the Michigan Constitution, the Michigan Rules of Evidence, or any other rules adopted by the Supreme Court provide otherwise. MRE 401; MRE 402. "Although relevant, evidence may be excluded if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403. "Evidence offered against a criminal defendant is, by its very nature, prejudicial to some extent." *People v Meissner*, 294 Mich App 438, 451; 812 NW2d 37 (2011). It is unfairly prejudicial, however, if there is "a danger that marginally probative evidence will be given undue or preemptive weight by the jury," *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998), if it would cause a jury to decide a case based on emotion, *People v Meadows*, 175 Mich App 355, 361; 437 NW2d 405 (1989), or if "it would be inequitable to allow the use of the evidence," *People v Mills*, 450 Mich 61, 75-76; 537 NW2d 909 (19995) quoting *Sclafani v Peter S Cusimano, Inc*, 130 Mich App 728, 735-736; 344 NW2d 347 (1983).

Defendant takes issue with the testimony of two law enforcement officers. One officer testified that he made contact with defendant in a gas station parking lot in Marquette on August 6, 2013, and that defendant provided false names and stated that his address was "619 M-35 in Gwinn" repeatedly. The other officer laid the foundation for an "Arrest & Booking Detail Page" for the same date that also indicated that defendant's address was "619 Hwy M-35 E" in Gwinn. Defendant claims that this evidence was unfairly prejudicial because "[a]ll that was established by the testimony of the two public safety officers from Marquette was that the Defendant-Appellant was arrested and charged with a crime that most likely had something to do with narcotics" and "gave a false name several times." However, the only mention regarding narcotics was one officer's statement that he "primarily deal[s] with narcotics, and tracking individuals," as well as "regular patrol." There is nothing in the record to support defendant's assumption that the jury would have concluded that defendant's arrest "most likely had something to do with narcotics" based on this statement. There is no indication as to why defendant was arrested on August 6, 2013 and under defendant's theory, it is equally likely that the officer was "tracking individuals" or on "regular patrol."

Further, this circumstantial evidence tended to support the prosecution's theory that defendant no longer resided in his room at Harborlite and intended to reside elsewhere approximately two months before his arrest. If he considered his address to be one other than his room at Harborlite in August 2013, a reasonable jury could infer that when he abandoned his room at Harborlite in June, he no longer resided there and intended to reside elsewhere for seven days between June 3rd and June 12th, perhaps at the Gwinn address. As such, the admission of this evidence was not in error.

Even if the trial court erred in admitting this evidence, it was harmless. The evidence against the defendant was significant. The prosecution presented evidence that defendant deserted his room at Harborlite in late April of 2013 and never returned. None of his neighbors saw defendant at Harborlite after his girlfriend moved out, his unopened mail began to accumulate, spoiled food was left in the apartment, and all of the "junk" he left behind remained untouched. In short, defendant cannot establish "that it is more probable than not that the error[, if any,] was outcome determinative." *Lukity*, 460 Mich at 495-496.

## III. INSUFFICIENCY OF EVIDENCE

Next, defendant argues that there is insufficient evidence to support his conviction. We disagree. "In determining whether sufficient evidence exists to sustain a conviction, this Court reviews the evidence in a light favorable to the prosecution." *People v Sherman-Huffman*, 466 Mich 39, 40; 642 NW2d 339 (2002). "An appellate court's review of the sufficiency of the evidence to sustain a conviction turns not on whether there was any evidence to support the conviction, but whether there was sufficient evidence to justify a rational trier of fact in finding the defendant guilty beyond a reasonable doubt." *People v Marsack*, 231 Mich App 364, 370; 586 NW2d 234 (1998); *People v Nowack*, 462 Mich 392, 399; 614 NW2d 78 (2000). "The people must prove every element of the crime charged by direct or circumstantial evidence beyond a reasonable doubt." *People v Spann*, 3 Mich App 444, 453; 142 NW2d 887 (1966) quoting *People v Gadson*, 348 Mich 307, 310; 83 NW2d 227 (1957). "The scope of the review is the same whether the evidence is direct or circumstantial. 'Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime.' " *Nowack*, 462 Mich at 400, quoting *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999).

Here, the evidence presented during trial demonstrated that defendant abandoned his room at Harborlite in April 2013 and never returned. He stopped paying rent, left only "junk" in his room, never collected unopened mail, left spoiled food in the cupboards and refrigerator, and was not heard from or observed by Savard or Welch thereafter. This constituted sufficient evidence that defendant did not reside at Harborlite and intended to reside elsewhere. Although it may be true that "no one observed him moving out" as defendant states in his pro se Standard 4 brief filed pursuant to Administrative Order 2004-6, Standard 4, it is also true that no one observed him at all. Accordingly, there was sufficient evidence "to justify a rational trier of fact in finding the defendant guilty beyond a reasonable doubt." *Marsack*, 231 Mich App at 370.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, in his Standard 4 brief defendant argues that he received ineffective assistance of counsel. Again, we disagree. "Whether a defendant received ineffective assistance of counsel presents a mixed question of fact and law. A trial court's factual findings are reviewed for clear error; questions of law are reviewed de novo." *People v Chenault*, 495 Mich 142, 159; 845 NW2d 731 (2014) (internal citation omitted). "This Court reviews unpreserved claims of ineffective assistance of counsel for errors apparent on the record." *People v Johnson*, 293 Mich App 79, 90; 808 NW2d 815 (2011). While defendant's argument that his original attorney was ineffective was preserved, his argument that his second attorney was ineffective is unpreserved. *People v Snider*, 239 Mich App 393, 423; 608 NW2d 502 (2000).

A defendant must meet two requirements to warrant a new trial because of ineffective assistance of trial counsel. First, the defendant must show that counsel's performance fell below an objective standard of reasonableness. In doing so, the defendant must overcome the strong presumption that counsel's assistance constituted sound trial strategy. Second, the defendant must show that, but for counsel's deficient performance, a different result would have been reasonably probable. [*People v Armstrong*, 490 Mich 281, 290; 806 NW2d 676 (2011).[1]

In essence, defendant claims that each of his attorneys[2] was ineffective because they did not move to suppress certain evidence that was seized from his room at Harborlite. However, defendant, on his own, moved to suppress that evidence and the prosecution stipulated to its suppression. Consequently, even if we assume that each attorney's conduct fell below an objective standard of reasonableness in not filing that motion, we cannot conclude that a different result would have been reasonably probable. Indeed, had counsel, as opposed to defendant, filed the motion to suppress, nothing would have changed. To the extent defendant also claims that his first attorney was ineffective in waiving his preliminary examination and that his second attorney was ineffective in failing to move for a later probable cause hearing after that evidence was suppressed, we conclude that he would nonetheless have been bound over for trial and that the prosecution would have continued. There is nothing in the record to support a contrary conclusion.

Affirmed.

/s/ Jane E. Markey
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan

---

[1] See also *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994).

[2] Defendant's first court-appointed attorney was replaced by a different court-appointed attorney in October 2013.