# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
January 21, 2016

v

DAWON DUPREE HAYMER,

        Defendant-Appellant.

No. 323612
Calhoun Circuit Court
LC No. 2014-000159-FC

Before: RONAYNE KRAUSE, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

Defendant was convicted by a jury of assault with intent to murder, MCL 750.83, and possession of a firearm during commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant as a third habitual offender, MCL 769.11, to 35 to 70 years for assault with intent to murder and a consecutive two years for felony-firearm. The victim, Jonathon Jones, testified that he was shot by defendant as the two were engaged in an argument outside the home of Jones's cousin, Steffon Brown. According to Brown and Jones, defendant fired multiple shots at Jones while Jones was standing on Brown's front porch. Jones testified that defendant had shot him four years before.[1] Defendant appeals by right. For the reasons provided below, we affirm defendant's convictions, however remand for resentencing.

Defendant first argues that the trial court erred in ruling that Jones's testimony that defendant shot him four years ago was admissible under MRE 404(b). We review a trial court's evidentiary rulings for an abuse of discretion. *People v Sabin (After Remand)*, 463 Mich 43, 60; 614 NW2d 888 (2000). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Yost*, 278 Mich App 341, 353; 749 NW2d 753 (2008). "[A] trial court's decision on a close evidentiary question ordinarily cannot be an abuse of discretion." *People v Hine*, 467 Mich 242, 250; 650 NW2d 659 (2002) (citation omitted). Evidence is admissible under MRE 404(b) if it is offered for a proper purpose, is relevant and its probative value is not substantially outweighed by any unfair prejudice. The trial court may also give the jury a limiting instruction on request. *People v*

---

[1] Defendant pleaded nolo contendere to assault with a dangerous weapon as a result of the prior shooting that occurred on January 17, 2009.

-1-

*VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993). Under MRE 404(b), motive and identity are explicitly listed as two possible proper motives, both of which the prosecutor in this case cited as rationales for admission. The trial court rejected the evidence to show motive but accepted that it showed identity.

Relevance requires "a relationship between the evidence and a material fact at issue" that is "demonstrated by *reasonable inferences* that make a material fact at issue more probable or less probable than it would be without the evidence." *People v Crawford*, 458 Mich 376, 387; 582 NW2d 785 (1998) (emphasis added). "[I]t is well settled that identity is an element of every offense." *Yost*, 278 Mich App at 356. The trial court concluded that Jones's testimony tended to prove that Jones knew defendant before the shooting at issue in the case. Thus, because Jones identified defendant both to the police and in court as the man who shot him, Jones's prior familiarity with defendant was relevant to the credibility of his identification. See *People v King*, 297 Mich App 465, 476; 824 NW2d 258 (2013) ("Clearly, evidence is relevant when it affects the credibility of the victim . . . ").

Defendant argues that Jones's testimony regarding the prior shooting was not necessary, given that Jones also testified that he had known defendant since defendant was little. However, MRE 404(b) does not mandate exclusion of evidence merely because it arguably corroborates other evidence. Furthermore, that Jones had known defendant for a long time does not mean that his recognition of defendant from the 2009 shooting is not probative of the credibility of the identification. Jones's testimony provides evidence of a specific and particularly memorable instance where their paths had previously crossed. While that instance involved a prior criminal act defendant had committed, Jones's testimony does not "essentially involve[] propensity," *People v Watkins*, 491 Mich 450, 492 n 92; 818 NW2d 296 (2012), because it additionally strengthens the believability of Jones's identification of defendant in this case. See *People v Mardlin*, 487 Mich 609, 615-616; 790 NW2d 607 (2010) ("Evidence is *inadmissible* under this rule *only* if it is relevant *solely* to the defendant's character or criminal propensity") (Emphasis in original).

Any evidence that is relevant is, by nature, somewhat "prejudicial," but to warrant exclusion under the MRE 403 balancing test, the probative value of the evidence must be substantially outweighed by the danger of unfair prejudice. See *Mardlin*, 487 Mich at 616; *People v Mills*, 450 Mich 61, 74-75; 537 NW2d 909 (1995), mod on other grounds 450 Mich 1212 (1995). In determining the admissibility of evidence under MRE 403, the trial court should consider the following:

> [T]he time required to present the evidence and the possibility of delay, whether the evidence is needlessly cumulative, how directly the evidence tends to prove the fact for which it is offered, how essential the fact sought to be proved is to the case, the potential for confusing or misleading the jury, and whether the fact can be proved in another manner without as many harmful collateral effects. [*People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008).]

The testimony regarding the prior shooting was directly relevant to credibility of Jones's identification of defendant as the shooter that he made to police and in court, particularly where the defense theory hinged on impeaching Jones's and Brown's identifications and suggesting that

someone else may have been the shooter. This testimony and the prosecution's arguments relating to the testimony did not belabor the circumstances surrounding the prior shooting and were made in the context of showing the jury why Jones was able to so confidently identify defendant as the shooter in this case.

Further, the jury was instructed that any testimony regarding the prior shooting was not relevant to whether defendant committed the charged crimes in this case. The court specifically instructed the jurors that they "must not decide that it shows that the defendant is a bad person, or that he is likely to commit crimes. You must not convict the defendant here because you think he is guilty of other bad conduct." There is nothing of record to suggest that the jury did not abide by this strongly worded instruction. See *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2012) (stating that juries are presumed to follow their instructions).

Defendant next argues that trial counsel should have requested a mistrial and was ineffective for failing to do so after an exchange took place between Brown and an unidentified member of the courtroom audience as Brown was taking the stand. We disagree.

Due to the disruption, the jury was excused. When the jury returned to the courtroom, the court explained as follows:

> Well, folks, thank you for your patience. And I apologize for that unfortunate incident. It has nothing to do with this case. It has nothing to do with this defendant, or the prosecution. And you are not to consider that at all in reaching your decision as to what the facts really are in this case.

After the jury returned the guilty verdicts, defendant made the following comments during the sentencing hearing:

> The . . . testimony of the . . . victim [sic] got into it with the audience when, at the time of trial. The jury wasn't even out of the room yet. I didn't even get granted a mistrial at the time. The jury was already biased to me already. Soon as they got out the room, they came back in, they was going to be biased to me anyways. So, . . . why wouldn't I have a mistrial and pick a different jury, because they came in, and they was already biased to me, because they got into it with the victim [sic] that was testifying.

The trial court responded that defendant had not cited a ground for ordering a mistrial. The court advised that defendant may appeal the matter, which he has done, albeit in the context of a claim of ineffective assistance of counsel. Specifically, defendant argues that counsel was ineffective for failing to move for mistrial after the jury heard the exchange between a member of the courtroom audience and Brown. Because defendant failed to preserve his claim below by moving for a new trial based on the claim or requesting a hearing pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973), review is "limited to mistakes apparent on the appellate record." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).

The record is, unfortunately, somewhat lacking. After the court spoke to the gallery, the proceedings recessed for 28 minutes. There is no record of what might have occurred during this break, and there is no record of what occurred during a one-minute bench conference held right

before the jury returned. It is unclear from the record what actions defense counsel did or did not take in response to the outburst. However, the record does strongly suggest from context that the jury was aware of the outburst. Nonetheless, Brown's exchange with the member of the courtroom audience does not appear to have involved defendant specifically, but was rather related to an issue between Brown and the audience member. To the extent it put Brown in a bad light, that could only assist defense counsel in his strategy of discrediting Brown.

"A mistrial should be granted only for an irregularity that is prejudicial to the rights of the defendant, . . . and impairs his ability to get a fair trial." *People v Haywood*, 209 Mich App 217, 228; 530 NW2d 497 (1995). A "mistrial should be granted only where the error complained of is so egregious that the prejudicial effect can be removed in no other way." *People v Gonzales*, 193 Mich App 263, 266; 483 NW2d 458 (1992) (citation omitted). Indeed, "[t]he power to declare a mistrial should 'be used with the greatest caution, only under urgent circumstances, and for very plain and obvious causes.' " *People v Barker*, 161 Mich App 296, 305; 409 NW2d 813 (1987), quoting 2 Gillespie, Michigan Criminal Law & Procedure (2nd ed), § 698, p 426 (alteration added).

Here, "[w]hile the outburst certainly momentarily disrupted the trial, it was not 'so egregious that the prejudicial effect can be removed in no other way.'" *People v Bauder*, 269 Mich App 174, 195; 712 NW2d 506 (2006), overruled in part on other grounds in *People v Burns*, 494 Mich 104, 112-113; 832 NW2d 738 (2013), quoting *Gonzales*, 193 Mich App at 266. To that end, any potential prejudice was cured when the trial court instructed the jury that they are not to consider the incident in their determination of the case. See *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003) (stating that "instructions are presumed to cure most errors"). Because there were no grounds for a mistrial and " '[c]ounsel is not obligated to make futile objections,' . . . defendant's trial counsel was not ineffective for failing to move for a mistrial." *People v Rodgers*, 248 Mich App 702, 715; 645 NW2d 294 (2001), quoting *People v Meadows*, 175 Mich App 355, 362; 437 NW2d 405 (1989) (alteration by *Rodgers*). The fact that there were no grounds for a mistrial also precludes the conclusion that "but for counsel's error, the result of the proceedings would have been different . . ." *Id*. at 714.

Defendant next argues that the jury's verdict was against the great weight of the evidence, which is ordinarily reviewed for an abuse of discretion. See *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2019). Defendant did not preserve this issue, and thus, it is reviewed for plain error affecting defendant's substantial rights. *People v Cronin*, 494 Mich 867; 832 NW2d 199 (2013). To demonstrate plain error, a defendant must show: "(1) error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected a substantial right of the defendant." *People v Pipes*, 475 Mich 267, 279; 715 NW2d 290 (2006). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (citations, internal quotation marks, and brackets added by *Carines* omitted).

"The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage

of justice to allow the verdict to stand." *People v Musser*, 259 Mich App 215, 218-219; 673 NW2d 800 (2003) (citation omitted). Defendant's argument relates solely to the inconsistencies in Jones's and Brown's testimony. Although testimony that has been overwhelmingly impeached or that is physically impossible or devoid of credibility might perhaps warrant a new trial, conflicting testimony or dubious witness credibility generally will not. *People v Lemmon*, 456 Mich 625, 643-644; 576 NW2d 129 (1998).

The testimony from Jones and Brown contains some inconsistencies. Jones testified that defendant had been standing in the grass between the sidewalk and house and near a lamp post when he fired the gun, but Brown was certain that defendant was in the grass at the beginning of his driveway, which was not near the lamp post. Further, Jones testified that his best estimate would be that defendant was 12 feet away from him when he began shooting, but Brown testified that he was standing next to the shooter and he was less than 12 feet away from Jones. Also, Jones testified that Brown's grey car was not parked outside during the shooting, whereas Brown testified that his car had been parked outside of his home the whole time. Defendant is also correct that the majority of the shell casings that were found outside of the house were in the street and to the left of the house, which arguably further discounts Brown's and Jones's testimony regarding where the shooter was standing when the shots were fired.

"Fundamentally, it is the province of the jury to assess the credibility of witnesses," *People v Young*, 472 Mich 130, 143; 693 NW2d 801 (2005) (emphasis omitted), and despite the discrepancies in the witnesses' recollection in details surrounding the shooting, their testimony is not "so inherently implausible that it could not be believed by a reasonable juror." *Lemmon*, 456 Mich at 644. The fact that shell casings where found in the street, as opposed to directly where either Brown or Jones testified the shooter was standing when shots were fired, does not render their testimony implausible in light of the testimony of a police officer that Jones also told him after the incident that defendant fired multiple shots and continued firing as he walked backward into the street. Indeed, the officer testified that when he went into the street, he "noticed there was a dozen empty shell casings in the street, in the area where Mr. Jones had stated that [defendant] was firing from."[2]

Moreover, the evidence is clear that defendant was at the scene. Brown and Jones were certain that defendant was the shooter. Jones's testimony was corroborated by a police officer on the scene who testified that Jones "without hesitation" told him that defendant had shot him. Despite any inconsistencies between Brown's and Jones's testimony, the overall evidence, including points of agreement between Brown's and Jones's testimony, alleviate any concern that "an innocent person may have been convicted." *Id*. (citation and internal quotation marks omitted).

Defendant raises in a Standard 4 brief[3] that defense counsel was ineffective for failing to impeach the testimony of Jones, Brown, as well as the testimony of the first police officer on

---

[2]     An evidence technician testified that twelve shell casings fired from .9mm gun were recovered "from the driveway of the residence, outward."

[3]     Administrative Order 2004-6, Standard 4, 471 Mich cii.

-5-

scene. This issue is without merit because it is simply factually inaccurate. Defense counsel spent considerable time cross-examining the witnesses regarding the discrepancies in their testimony and addressed the matter at length during closing arguments.

Defendant finally asserts that his Sixth and Fourteenth Amendment rights[4] were violated because the trial court's scoring of offense variables (OVs) 1-3, 13-14, and 19 was based on impermissible judicial fact-finding. Although he challenged the scoring of certain OVs below, defendant did not raise an objection to scoring the OVs based on his constitutional claim; thus, it is not preserved and is reviewed for plain error affecting substantial rights. *People v Lockridge*, 498 Mich 358, 394-395; NW2d 502 (2015). Plain error is, in relevant part, established if the trial court calculated a defendant's guidelines minimum sentence range on the basis of facts not admitted by the defendant or found by the jury, and the sentence was not an upward departure. *Id.* at 373-374, 394-395.

In this case, defendant's OV score totaled 100 points—the minimum threshold required to be placed in the D-VI cell of the sentencing grid for Class A offenses, MCL 777.62—and with his third habitual offender enhancement, defendant's minimum guidelines range was 171 to 427 months. The trial court sentenced defendant at the high end of that range to 35 years (420 months) imprisonment. As a result, if any OV was scored based on facts not admitted by defendant or necessarily found by the jury verdict, plain error affecting defendant's substantial rights is established because the facts found by the jury would not be sufficient to assess the minimum number of OV points necessary for defendant's score to fall in the cell of the sentencing grid under which he was sentenced. MCL 777.62 (the floor for OV level VI is 100 points); see *Lockridge*, 498 Mich at 395. See also *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).

We find that the jury's verdicts established the factual bases for OV 1 and OV 2. However, the remaining offense variable scores are problematic. Defendant was assessed 25 points under OV 3 based on the victim's "[l]ife threatening or permanent incapacitating injury," MCL 777.33(1)(c), which the victim's testimony amply demonstrated but which was not an element of any of the crimes of which defendant was convicted. See *People v Stevens*, 306 Mich App 620, 629; 858 NW2d 98 (2014). Defendant was assessed 25 points under OV 13 on the basis that the "offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person . . . " within a five-year period. MCL 777.43(1)(c), (2)(a). Scoring OV 13 is not necessarily impermissible: "the fact of a prior conviction" is an exception to the rule that every fact must be found by the jury. *Alleyne v United States*, 570 US ___, ___ n 1; 133 S Ct 2151, 2160 n 1; 186 L Ed 2d 314 (2013). However, the trial court here must have relied on conduct that resulted only in a charge, not a conviction.

Defendant was assessed 10 points under OV 14 on the grounds that he was a leader in a multiple offender situation, MCL 777.44(1)(a), apparently on the theory that another person helped lead defendant to Jones, circumstances that the jury might have found relevant but did not *need* to find in order to return a guilty verdict. Finally, defendant was assessed 10 points under

---

[4]     US Const, Ams VI and XIV.

OV 19 for interfering with the administration of justice, MCL 777.49(c), on the basis of his departure to, and eventual extradition from, Louisiana shortly after the commission of the crime. Although defendant's counsel argued the point at sentencing, and although we presume the court could take judicial notice of the extradition, neither is a permissible source of evidence under *Lockridge*.

Consequently, because we are constrained to find that there were insufficient facts admitted by defendant or necessarily found by the jury to assess the minimum number of OV points necessary for defendant's score to fall in the cell of the sentencing grid under which he was sentenced, *id.* at 395, this case must be remanded "for the trial court to follow the *Crosby* procedure outlined in *Lockridge*." *People v Terrell*, ___ Mich App ___, ___; ___ NW2d ___ (Docket No. 321573, issued September 29, 2015), slip op at 10.

We affirm defendant's convictions but remand for resentencing. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien