*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

CASEY LAVERN OLNEY,

Defendant-Appellee.

FOR PUBLICATION
March 14, 2019
9:00 a.m.

No. 343929
Jackson Circuit Court
LC No. 17-005539-FH

Before: SAWYER, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendant was charged with first-degree home invasion, MCL 750.110a(2), assault by strangulation, MCL 750.84, interfering with electronic communications, MCL 750.540(5)(a), and domestic violence, MCL 750.81(2). Despite the complainant's absence, the district court, in accordance with MCL 768.27c, permitted a police officer to testify regarding statements complainant made as substantive evidence for the purpose of establishing probable cause. Defendant moved to quash the bind-over in the circuit court. The circuit court held that the police officer's testimony was inadmissible because (1) the district court did not declare the victim-declarant "unavailable"; and (2) the officer's testimony violated the Confrontation Clause of the Sixth Amendment of the United States Constitution. We reverse.

## I. BASIC FACTS

Defendant was initially charged with first-degree home invasion and domestic violence. Although the prosecution subpoenaed the complainant for the preliminary examination, she did not appear. The prosecutor informed the district court that, despite the alleged victim's absence, the prosecution intended to proceed with the preliminary examination on the basis of the testimony of the law enforcement officer who responded to the scene, Deputy David Thomas of the Jackson County Sheriff's Office. The prosecutor stated that Thomas's hearsay testimony was admissible under MCL 768.27c, the statutory hearsay exception for statements to law enforcement officers made by victims of domestic violence under circumstances that would indicate the statement's trustworthiness. Defense counsel objected, noting that he did not believe that statutory hearsay exception could apply to charges *other than* domestic abuse. The district

court responded that the exception existed "for the very reason that the prosecutor is experiencing right now" because the prosecution had subpoenaed "someone that has either been intimidated or for whatever reason refuses to cooperate." As the actual examination began, the prosecutor informed the district court that "based upon what was told to the officer," he was adding additional charges of assault by strangulation and interfering with telephonic communications not included in the original complaint.

Thomas testified that at approximately 9:30 a.m. on October 18, 2017, he responded to 1554 Wetherby Road in Liberty Township, Michigan, after dispatch informed him of a domestic assault complaint and a possible violation of a conditional bond. When he arrived on site, the complainant was standing in the driveway. Thomas described her demeanor was "fairly calm" and "not hysterical, but she was upset." When the prosecutor asked Thomas what the complainant said to him, defense counsel objected and asked for "a continuing objection for any and all statements that are used that are *beyond the purpose of establishing a domestic violence* in this matter." That is, defense counsel continued to object to Thomas's testimony in a very limited way. While apparently conceding that the evidence was admissible for the purposes of establishing probable cause on the domestic violence charges, defense counsel argued that the complainant's statement could not be used to establish probable cause for any other offense. In response, the district court stated:

> All right. Well we understand the nature of your objection. We briefly discussed the matter. The quandary is whether or not the statute permits hearsay given the circumstances of it being made to a police officer contemporaneous with the act itself and involving domestic [violence] applies to something beyond the charge of domestic violence. The Court is taking a flier at this point in time that it does. It's kind of in the spirit of the direction that the legislature seems to be going in almost eliminating probable cause or preliminary examinations. So I will allow the testimony and it can be reviewed by a superior court if it gets to that stage.

Thomas testified that the complainant told him that she woke up to find defendant, her ex-boyfriend, in her apartment. Defendant was there to collect the money that the complainant admittedly borrowed from him and was supposed to have paid back the day before. The complainant told Thomas that when she yelled at defendant and told him that he was not supposed to have contact with her, defendant grabbed her by the neck and threw her to the ground. Defendant also took the complainant's cell phone and threw it on the ground and broke it. Thomas's report indicated that the complainant reported that she had trouble breathing. Thomas observed redness and irritation on the complainant's neck but did not take any photographs.

Following cross-examination, the district court reviewed MCL 768.27c and concluded that Thomas's "statement is admissible if the information is admissible." The district court found that the prosecution established probable cause and defendant was bound over for trial.

Defendant filed a motion to quash in the circuit court, arguing that use of Thomas's testimony to establish probable cause *for crimes other than domestic violence* violated defendant's constitutional right to confront his accuser. The circuit court issued a written opinion, the reasoning of which departed from the arguments made by defense counsel. The

circuit court apparently rejected defendant's claim that the statute applied only to domestic violence charges. It ruled:

> MCL 768 .27(c)(l)(b) applies to offenses involving domestic violence, that being any offense that is connected to a domestic violence incident, for example a Home Invasion entering without permission, one of the elements is "that when defendant entered the dwelling he/she intended to commit State offense" if the offense is domestic violence or related to a domestic violence then the exception would apply, but if the offense is larceny for example then the exception would not apply.

However, the circuit court went on to add that when it enacted MCL 768.27c, the Legislature intended to carve out an additional hearsay exception when the complainant was unavailable similar to the exception found in MRE 804(b). The circuit court interpreted MCL 768.27c as requiring that "first the victim must be declared unavailable then and only then can you use this exception to hearsay." The court then concluded that, because the complainant was not declared unavailable, the exception did not apply.

The circuit court also held that the exception could not apply because the statements of the complainant:

> are testimonial, and that by not having [the complainant] there the Confrontation Clause of the sixth amendment was violated. Furthermore the exception to the hearsay rule found in MCL 768.27[c], extends on MRE 804(b) and you must first get passed [sic] the Confrontation Clause of the Sixth amendment before you can use a hearsay exception.

The circuit court granted the motion to quash and dismissed the charges against defendant.

The prosecution now appeals by right.

## II. ANALYSIS

### A. STANDARD OF REVIEW

> In order to bind a defendant over for trial in the circuit court, the district court must find probable cause that the defendant committed a felony. This standard requires evidence of each element of the crime charged or evidence from which the elements may be inferred. Absent an abuse of discretion, a reviewing court should not disturb the district court's bindover decision. An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes. [*People v Anderson*, 501 Mich 175, 181-182; 912 NW2d 503 (2018) (quotation marks and citations omitted).]

"Questions of statutory interpretation are reviewed de novo." *Id*. Constitutional issues are likewise reviewed de novo. *People v Pennington*, 240 Mich App 188, 191; 610 NW2d 608 (2000).

-3-

## B. THERE IS NO UNAVAILABILITY REQUIREMENT IN MCL 768.27C

The prosecution argues that the circuit court erred in dismissing the charges against defendant because, contrary to the circuit court's decision, MCL 768.27c contains no requirement that the complainant-declarant be unavailable in order to admit evidence of a statement that otherwise satisfies the statutory requirements. We agree.

"In MCL 768.27c, the Legislature determined that under certain circumstances, statements made to law enforcement officers are admissible in domestic violence cases." *People v Meissner*, 294 Mich App 438, 445; 812 NW2d 37 (2011). This provision is "a substantive rule of evidence reflecting specific policy concerns about hearsay[1] in domestic violence cases." *Id*. MCL 768.27c(1) provides:

> (1) Evidence of a statement by a declarant is admissible if all of the following apply:
>
> (a) The statement purports to narrate, describe, or explain the infliction or threat of physical injury upon the declarant.
>
> (b) The action in which the evidence is offered under this section is an offense involving domestic violence.
>
> (c) The statement was made at or near the time of the infliction or threat of physical injury. Evidence of a statement made more than 5 years before the filing of the current action or proceeding is inadmissible under this section.
>
> (d) The statement was made under circumstances that would indicate the statement's trustworthiness.
>
> (e) The statement was made to a law enforcement officer.

The circuit court erred because it imposed an additional condition not found in the plain and unambiguous language of MCL 768.27c.

> When interpreting a statute, our primary goal is to ascertain and give effect to the Legislature's intent. *People v Gardner*, 482 Mich 41, 50; 753 NW2d 78 (2008). "If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning and we enforce the statute as written." *People v Weeder*, 469 Mich 493, 497; 674 NW2d 372 (2004). In so doing, we assign each word and phrase its plain and ordinary meaning within the context of the statute. *People v Kowalski*, 489 Mich 488, 498; 803 NW2d 200 (2011); MCL 8.3a. We must also avoid any construction that would render any part of a statute surplusage or nugatory, if possible. *People v Rea*, 500 Mich 422, 428; 902 NW2d 362 (2017). [*People v Sharpe*, 502 Mich 313, 326-327; 918 NW2d 504 (2018).]

---

[1] " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.' " MRE 801(c).

Nothing in the statutory language of MCL 768.27c suggests that the Legislature intended to impose an unavailability requirement. The Legislature did not use the word "unavailable" or its equivalent at any point in drafting the statute. We decline to judicially impose a requirement that has no basis in the statutory language.

Moreover, imposing an unavailability requirement would essentially nullify the statute. In *Meissner*, this Court held that MCL 768.27c permitted the prosecution to introduce a domestic violence victim's statements to law enforcement after the victim recanted her allegations during her trial testimony. *Meissner*, 294 Mich App at 450-451. Of particular importance to the resolution of this case, the *Meissner* Court also recognized that "[c]ertain testimony offered pursuant to MCL 768.27c may be subject to challenge based on the Confrontation Clause" of the United States Constitution and its state constitutional counterpart. *Id*. at 446 n 2. This warning presupposes that the absence of the declarant – rather than being a requirement for employing the statute, as the circuit court held in this case – might preclude the exception's application at trial.

The circuit court erred as a matter of law in holding that there is an "unavailability" requirement under MCL 768.27c. It consequently abused its discretion when it granted defendant's motion to quash on that basis.

## C. THE RIGHT OF CONFRONTATION AT A PRELIMINARY EXAMINATION

The prosecution next argues that because Thomas's testimony concerning the complainant's statement was admissible under MCL 768.27c, the prosecution established probable cause and the circuit court abused its discretion when it determined that defendant's right of confrontation was violated. We agree.

In contrast to the evidence needed to convict a defendant at trial, the quantum of evidence needed to bind over a defendant is much lower. Our Supreme Court has explained:

> The purpose of the preliminary examination is to determine whether a felony has been committed and whether there is probable cause for charging the defendant therewith. If there is probable cause, the magistrate must bind the defendant to appear before the circuit court or other court having jurisdiction of the cause, for trial.
>
> As this Court explained in *People v Yost,* [468 Mich 122, 125-126; 659 NW2d 604 (2003)], "[p]robable cause requires a quantum of evidence 'sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief' of the accused's guilt." This standard is less rigorous than the requirement to find guilt beyond a reasonable doubt to convict a criminal defendant, and "the gap between probable cause and guilt beyond a reasonable doubt is broad . . ." [*People v Plunkett*, 485 Mich 50, 57; 780 NW2d 280 (2010) (quotation marks and footnotes omitted).]

"The testimony of the complainant is not necessarily required at every preliminary examination if sufficient other evidence is produced." *People v Meadows*, 175 Mich App 355, 359; 437 NW2d 405 (1989). The preliminary examination is a statutory right and the rules of evidence apply. See MCL 766.11b(1) ("[t]he rules of evidence apply at the preliminary

examination . . .") and MCR 6.110(C) ("[t]he court must conduct the examination in accordance with the Michigan Rules of Evidence.")

The evidentiary threshold for a preliminary examination is a probable cause determination whether a crime has been committed and, if so, whether defendant was the culprit. Only legally admissible evidence may be used. The domestic abuse exception to the hearsay rule as embodied in MCL 768.27c allows for a declarant's statement to be admitted under certain circumstances and is, therefore, legally admissible evidence. The district court properly concluded that, based on Thomas's testimony regarding the complainant's statements, there was probable cause to believe defendant committed the crimes of home invasion, domestic abuse, strangulation, and interference with an electronic device.

As previously stated, the circuit court was operating under the misconception that the complainant had to be "unavailable." On that basis alone, reversal is required. In the event the parties or the circuit court are inclined to revisit the confrontation issues, we provide the following guidance. In this case, the prosecution concedes that, at trial, despite MCL 768.27c, the Sixth Amendment would likely bar the admission of Thomas's testimony to relate what the complainant said. The amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence. [US Const, Am VI.]

As previously stated, in *Meissner* this Court expressly recognized that MCL 768.27c may run afoul of the Confrontation Clause if the declarant is not available to testify *at trial*. However, the United States Supreme Court has never directly held that the Confrontation Clause applies at preliminary hearings. The United States Supreme Court has stated that "[t]he right to confrontation is basically a trial right." See *Barber v Page*, 390 US 719, 725; 88 S Ct 1318; 20 L Ed 2d 255 (1968). Similarly, in *Pennsylvania v Ritchie*, 480 US 39, 52-53; 107 S Ct 989; 94 L Ed 2d 40 (1987), the Court concluded that the right to confrontation "is a *trial* right, designed to prevent improper restrictions on the type of questions that defense counsel may ask during cross-examination." *Id*. at 52.

State and federal courts that have considered this precise issue have unanimously rejected the argument that the Confrontation Clause applies at preliminary examinations. See, e.g., *Commonwealth v Ricker*, 120 A3d 349, 357; 2015 Pa Super 153 (2015) (holding that hearsay evidence alone is sufficient to establish probable cause at preliminary hearing); *State v O'Brien*, 354 Wis 2d 753, 773; 2014 WI 54; 850 NW2d 8 (2014) ("Our precedent is consistent with that of other jurisdictions which have determined that a defendant's right to confront accusers is a trial right that does not apply to preliminary examinations."); *Peterson v California*, 604 F3d 1166, 1169-1170 (CA 9, 2010) (concluding that "the admission of hearsay statements at a preliminary hearing does not violate the Confrontation Clause"); *United States v Andrus*, 775 F2d 825, 836 (CA 7, 1985) (holding "the sixth amendment does not provide a confrontation right

at a preliminary hearing"); *United States v Harris*, 458 F2d 670, 677-678 (CA 5, 1972) ("There is no Sixth Amendment requirement that [the defendant] be allowed to confront [the witness] at a preliminary hearing prior to trial."); *Whitman v Superior Court*, 54 Cal 3d 1063; 820 P2d 262 (1991) ("A preliminary hearing is not designed to be a dress rehearsal for the trial.").

Therefore, while the rules of evidence apply during a preliminary examination, the right of confrontation does not. In light of the relatively low burden of establishing probable cause that a crime has been committed and that defendant was the one who likely committed it, the circuit court abused its discretion when it granted defendant's motion to quash on the basis that defendant's right of confrontation was violated.

Reversed and remanded with instructions to reinstate the charges against defendant. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly